Bailey Corp. v. Premix/E.M.S., Inc.   CV-96-600-JD  05/05/97
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Bailey Corporation

        v.                                  Civil No. 96-600-JD

Premix/E.M.S., Inc.


O R D E R


     The plaintiff, Bailey Corporation ("Bailey"), brought this
declaratory judgment action against the defendant, Premix/E.M.S.,
Inc. ("E.M.S."), seeking to set aside the terms of an agreement
between the parties because Bailey entered the agreement under
economic duress.  Before the court is E.M.S.'s motion to dismiss
under Fed. R. Civ. P. 12(b)(6) (document no. 6).


Background[1]

     Bailey agreed to buy part of E.M.S. in an agreement dated
July 31, 1994.  The structured deal included a cash payment, a
five-year secured promissory note, a five-year convertible
debenture, and the assumption by Bailey of some of E.M.S.'s
liabilities.  After closing the deal, disputes arose as the
calculation of some of the amounts due.  The disputes were

---

[1]The court recites the facts as alleged by the plaintiff, who
is entitled to every reasonable inference in its favor in
resisting the motion to dismiss.

submitted to arbitration and Bailey was awarded an adjustment. E.M.S. paid only part of the adjustment, leaving $338,000 outstanding.

In the period after the sale, E.M.S. did not perform up to Bailey's expectations. Rather than posting $4.7 million of profit in the eighteen months after closing, E.M.S. posted an $11.3 million loss. This unexpected loss put a strain on Bailey's financial situation, and Bailey's liabilities to E.M.S. and its other creditors placed it in serious danger of entering bankruptcy. Bailey alleges that E.M.S.'s poor performance, and thus its own economic distress, occurred because E.M.S. had misrepresented its assets, liabilities, and profitability.

Faced with more obligations than it could meet, Bailey filed an action in this court seeking injunctive relief from enforcement of its debts to E.M.S. on January 24, 1996. When Bailey tendered its January 31, 1996, payment to E.M.S., it was unable to pay its other creditors. Knowing Bailey's position, E.M.S. offered to defer the January 31 payment if Bailey would withdraw its complaint and negotiate a settlement. Believing that it had no reasonable alternatives, Bailey agreed.

Bailey reached a settlement agreement with E.M.S. on March 14, 1996. As part of the agreement, E.M.S. deferred payment for one year on Bailey's January 31, 1996, and July 31, 1996,

payments and paid Bailey one million dollars. In return, Bailey released its misrepresentation claim against E.M.S. Bailey now asserts the settlement agreement was involuntary and compelled because of economic duress. Bailey further asserts that its economic situation did not improve such that Bailey was free from economic duress until Bailey merged with Vemco Acquisition Corp. on August 26, 1996. On December 3, 1996, Bailey filed this action seeking a declaratory judgment that it is not bound by the terms of the settlement agreement.

## Discussion

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is one of limited inquiry, focusing not on "whether a [party] will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Accordingly, the court must take the factual averments contained in the counterclaim as true, "indulging every reasonable inference helpful to the plaintiff's cause." Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, 958 F.2d 15, 17 (1st Cir. 1992); see also Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989). Great specificity is not required to survive a Rule 12(b)(6) motion. "[I]t is enough for a plaintiff to sketch an actionable claim by means of 'a

3

generalized statement of facts from which the defendant will be able to frame a responsive pleading.'" Garita, 958 F.2d at 17 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (1990)). In the end, the court may grant a motion to dismiss under Rule 12(b)(6) "'only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory.'" Garita, 958 F.2d at 17 (quoting Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990)).

Under Ohio law,[2] a plaintiff must establish three elements to show that it is entitled to void a settlement agreement as a result of economic duress. See Blodgett v. Blodgett, 551 N.E.2d 1249, 1251 (Ohio 1990). It must show:

(1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the result of coercive acts of the opposite party.

Id. A plaintiff who claims to have been a victim of economic duress must show that it "was subjected to 'a wrongful or unlawful act or threat,' and that it 'deprive[d] the victim of [its] unfettered will.'" Id. (citation omitted). It is against these requirements that the court must assess the plaintiff's

_____

[2]The plaintiff has alleged, and the court assumes without deciding, that Ohio law governs the dispute.

claim.

Bailey has alleged that it involuntarily accepted E.M.S.'s terms; that it had no other reasonable alternative; and that its predicament was the result of coercive acts of E.M.S. E.M.S. vigorously contests these allegations, but has not urged that a claim of economic duress fails to state a claim on which relief can be granted. Instead, it argues that Bailey (1) has not alleged an improper threat from E.M.S., which it asserts is a necessary element of Bailey's claim;[3] (2) had alternatives other than settling with E.M.S.; and (3) waived any right it had to void the agreement by ratifying the agreement. While potentially constituting defenses to Bailey's claim, the merits of these arguments depend on the facts of the situation. At this point, the court cannot say that Bailey's complaint is so deficient that it could prove no set of facts that would entitle it to relief. The motion is denied.

---

[3]Because economic duress requires a showing of "a wrongful or unlawful act or threat," the court cannot accept E.M.S.'s contention that Bailey's failure to allege an improper threat from E.M.S. means that the complaint must be dismissed. E.M.S.'s alleged misrepresentations could constitute the "wrongful or unlawful act" necessary to satisfy this element of Bailey's claim.

## Conclusion

For the reasons stated above, E.M.S.'s motion to dismiss Bailey's claim (document no. 6) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

May 5, 1997

cc:   Arpiar G. Saunders Jr., Esquire
      Steven A. Solomon, Esquire
      Paul Lieberman, Esquire
      Robert D. Cohan, Esquire
      Richard C. Nelson, Esquire
      Thomas L. Anastos, Esquire