OPINION AND JUDGMENT ENTRY
This accelerated appeal comes to us from a summary judgment issued by the Toledo Municipal Court. Because there exist genuine issues of material fact in this case, we reverse the trial court's order.
On April 21, 1998, appellee, Nationwide Insurance Company, filed suit against appellant, Ibe U. Nnaji, alleging appellant's default on a promissory note which was executed "on August 5, 1997." Appellant, acting pro se at that time, filed an answer, denying that he was in default. In August 1998, appellee moved for summary judgment, but sent the motion to the wrong address. Appellee's motion was granted when appellant failed to respond.
In October 1998, appellant, then represented by counsel, moved for relief from judgment pursuant to Civ.R. 60(B); the motion was ultimately granted and the judgment vacated. On November 3, 1998, appellee again moved for summary judgment. This time, appellant timely responded, setting forth the defense of economic duress. Appellant argued that he originally entered into a settlement agreement with appellee, appellee falsely claimed he breached the agreement, and appellee required him (under threat of reporting him to the Bureau of Motor Vehicles) to enter into a new agreement with more stringent terms. On December 28, 1998, the court once more granted summary judgment in favor of appellee.
Appellant now appeals. He argues that the trial court erred in granting summary judgment because he presented sufficient evidence to establish genuine issues of material fact regarding his defense of duress.
The standard of review for summary judgment is the same for both a trial court and an appellate court. Lorain Natl. Bankv. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Summary judgment will be granted if "the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, * * * show that there is no genuine issue as to any material fact" and, construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
To establish a right to relief upon a claim of economic duress, one must show: (1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the results of coercive acts of the opposite party. Blodgett v. Blodgett
(1990), 49 Ohio St.3d 243, 246.
In this case, appellee admitted to us during oral argument that appellant's defense based upon the theory of economic duress was a valid one. Moreover, appellee does not argue that no prior agreement existed. Rather, appellee points only to appellant's alleged default on the 1997 promissory note[1] and contends that appellant failed to put forth sufficient evidence of such defense to withstand its motion for summary judgment motion. We disagree.
The record reveals that along with copies of some of the money orders as evidence of payment, appellant submitted an affidavit which sets forth that: (1) he involuntarily accepted the terms of the promissory note in order to be able to continue operating his transportation business; (2) despite an alleged error in reporting him in default on the original agreement, circumstances permitted no other alternative to getting his license reinstated; and (3) said circumstances were the results of coercive acts of appellee, who threatened to withhold the necessary authorization for the Bureau of Motor Vehicles. In our view, this was sufficient to rebut appellee's motion for summary judgment. Therefore, we conclude that, since genuine issues of material fact remain in dispute, the trial court erred in granting summary judgment in favor of appellee. Accordingly, appellant's sole assignment of error is well-taken.
The judgment of the Toledo Municipal Court is reversed and remanded for proceedings consistent with this decision. Court costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 Peter M. Handwork, P.J. _______________________________ JUDGE James R. Sherck, J. _______________________________ JUDGE Mark L. Pietrykowski, J. _______________________________ JUDGE
CONCUR.
[1] We note that the facts and documentation submitted by appellee concerning the promissory note are contradictory and confusing. The note, which is signed by appellant but unwitnessed, is dated May 5, 1997 at the top of the page. However, the body of the note states that appellant agrees to pay $5,759.76, payable "as follows: $1200.00 due by April 5, 1997, then monthly payments of $50.00 commencing 6-15-97, until 1-15-98 then payments will increase to $100.00 a month until account is paid in full." Under the terms of this note, appellant would have been required to perform the impossible — that is, to pay the lump sum a month before he signed the note. We further note that appellee alleged in its complaint that appellant executed the note on August 5, 1997, and requested interest from August 12, 1996.