DECISION AND JOURNAL ENTRY
Kiowa Development Co., Inc. appeals from the judgment of the Cuyahoga Falls Municipal Court, which rendered a verdict in favor of plaintiffs Jerry and Dawn Spencer, in the amount of $1,000 plus 10% post-judgment interest. We find that this appeal is moot because the judgment has been satisfied.
The trial court entered its judgment on March 11, 1999. On March 12, plaintiffs sought an order for garnishment of defendant's property, namely funds in a bank account, and the court issued the order on March 15. On March 22, the defendant filed its notice of appeal to this Court.[1] On April 5, the bank paid the required funds to the court. Later that day, the defendant filed a motion to stay the execution of the judgment. On April 6, the trial court issued the requested stay of execution, noting that the bank had paid the judgment amount and that the payment "is therefore sufficient to issue a stay during the pendency of the appeal."
"[A] satisfaction of judgment renders an appeal from that judgment moot. `Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal[.]'" (Citations omitted.) Blodgett v. Blodgett (1990),49 Ohio St.3d 243, 245. This Court has recently determined that the satisfaction of a judgment upon garnishment of funds may be considered a voluntary payment where the defendant has failed to timely avail itself of the legal remedy of a stay of execution pending appeal. See LaFarciola v. Elbert (Dec. 8, 1999), Lorain App. No. 98CA007134, unreported.
In the instant case, satisfaction of the judgment occurred prior to defendant's request for a stay of execution. Consequently, the trial court's issue of the stay of execution was not valid. See Hagood v. Gail (1995), 105 Ohio App.3d 780,790-791.
Consequently, the appeal to this court has been rendered moot by the satisfaction of the judgment and this Court must dismiss this appeal.
Appeal dismissed.
 KK
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM R. BAIRD
FOR THE COURT WHITMORE, J.
BATCHELDER, J., CONCUR
[1] Defendant filed the first notice of appeal on March 22, but neglected to attach the judgment entry from which appeal was taken. After being notified of this failure to comply with Loc.R. 3(A) of this Court, defendant then re-filed the appeal, through counsel, with the judgment attached. Two numbers were assigned in this Court. The cases were subsequently consolidated for appeal.