DECISION AND JUDGMENT ENTRY
University Off-Campus Housing appeals from a decision by the Athens County Municipal Court in a landlord-tenant dispute. The appellant assigns a single error for our review:
 The trial court's judgment is contrary to the manifest weight of the evidence since appellee did not incur damages contemplated in O.R.C. § 5321.07 and no credible evidence of damages was presented at hearing.
In February 1999, appellee Karen Slovak signed a lease agreement with the appellant for a two-bedroom apartment in Athens. The agreement provided for a quarterly rental payment of $1,681.95. The appellee moved into the apartment in June 1999 and discovered several deficiencies in the premises. She informed the appellee of these conditions by a letter dated June 28, 1999.
On August 2, 1999, the appellee filed an application to deposit her rent with the clerk of the municipal court. See R.C. 5321.07(B). Her application alleged that the appellant had "failed to fix items in [the] apartment that were broken and unfinished." In accordance with the statutory procedure, the appellee deposited with the clerk an amount equal to her quarterly rent ($1,681.95). Three days later, the appellant filed a request with the municipal court for a release of the deposited rent. See R.C. 5321.09(A) (providing procedure for landlord to request release of funds deposited by tenant under R.C. 5321.07). The municipal court conducted a hearing on the request, during which the appellant acknowledged that it had failed to finish and/or fix the conditions complained of by the appellee. The court ordered $400 of the deposited rent to be returned to the appellee. This amount represented the diminution in rental value of the property resulting from the appellant's failure to make the requested repairs. The court ordered the remaining amount, less court costs, released to the appellant.
The appellant argues that the court improperly awarded $400 of the deposited rent to the appellee as damages. Our review of the record; however, reveals that we cannot proceed to the merits of the appellant's claim. The record shows that the municipal court clerk paid $400 to the appellee and $1,265.13 to the appellant two days after the hearing, in accordance with the court's judgment. Thus, the court's judgment has been satisfied. Satisfaction of a judgment renders an appeal from that judgment moot.Blodgett v. Blodgett (1990), 49 Ohio St.3d 243, 246; see, also, Gomes v. Krebs (Sept. 29, 1994), Cuyahoga App. No. 66908, unreported (dismissing appeal by landlord from court's partial return of security deposit to tenant after record showed judgment was fully paid). The appellant could have preserved its appeal rights by seeking a stay of execution pending appeal. See Hagood v. Gail (1995),105 Ohio App.3d 780, 790-91. Absent a timely request for a stay, there was nothing to prevent satisfaction of the judgment and, along with it, a mooting of this appeal. See, e.g., Spencer v. Kiowa Developing Co. (Jan. 5, 2000), Summit App. Nos. 19524, 19532, unreported; Lafarciola v.Elbert (Dec. 8, 1999), Lorain App. No. 98CA007134, unreported.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
Exceptions.
Kline, P.J. Evans, J.: Concur in Judgment and Opinion.
For the Court
 BY: _________________________ William H. Harsha, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 11, this document constitutes a finaljudgment entry and the time period for further appeal commences fromthe date of filing with the clerk.