JOURNAL ENTRY and OPINION
The appellant herein is appealing from the decision of the State of Ohio Board of Tax Appeals affirming the assessment levied against the appellant for its alleged failure to properly report taxable sales and to pay required sales tax. For the reasons adduced below, we affirm the decision of the Board of Tax Appeals.
 The appellant, Dean Supply Company, is a local, family run restaurant which operates as a vendor of various restaurant and bar supplies with sales of approximately $8,000,000.00 per year. The appellant's inventory includes over 50,000 non-perishable food and related items. In the course of its operations, the appellant sells primarily to restaurants, bars and other commercial customers. Additionally, approximately 40% of the appellant's business is comprised of sales to the general public on a cash and carry basis, which are known as front store sales, as opposed to back store sales to business customers.
In February of 1989, the tax commissioner began the process of auditing the appellant's records for the purpose of determining whether the appellant had paid an appropriate amount of sales tax on all its sales, both to the general public and to business customers. In order to determine whether the appellant was in compliance with statute, it was necessary to examine the legitimacy of many purported tax exempt sales made by the appellant. The tax exempt sales generally fell into one of two categories. The first category was sales for resale/retail sale as provided for in R.C. 5739.01(E)(1) to charitable organizations under R.C.5739.02(B)(12). Junand (2). The second category of exception was salesOn e 11, 1993 assessment against the appellant in the amount of $236,992.50 for the period of July 1, 1989 through June 30, 1992, including penalties and interest, after disallowing many of the claimed exempt sales on the basis that none of the claimed sales tax exceptions applied. On July 26, 1993, the appellant petitioned for a reassessment. On January 31, 1996, the tax commissioner issued a final determination allowing some of the appellant's objections to the assessment and disallowing others. The revised assessment of the appellant's sales tax liability was $142,897.60.
On March 4, 1996, the appellant filed a notice of appeal from the tax commissioner's final determination to the Board of Tax Appeals. On May 14, 1997, the Board of Tax Appeals held a full evidentiary hearing on the appellant's appeal. On March 10, 2000 the Board issued its decision and order which allowed some of the appellant's objections and denied others.[1] The matter was then remanded to the tax commissioner for the purposes of determining the appellant's liability consistent with the Board's decision. The within appeal was timely filed on April 7, 2000. The appellant presents four assignments of error for this court's review.
The appellant's first and second assignments of error having a common basis in law and fact will be addressed concurrently in this opinion. The first two assignments of error state:
 I. THE BOARD OF TAX APPEALS SHOULD HAVE ABATED THE ENTIRE ASSESSMENT BECAUSE IT WAS BASED UPON A ONE-MONTH SAMPLE WHICH WAS NOT, AND COULD NOT BE, REPRESENTATIVE OF DEAN SUPPLY'S BUSINESS FOR THE 36-MONTH AUDIT PERIOD.
 II. THE BOARD OF TAX APPEALS SHOULD HAVE ABATED THE ENTIRE ASSESSMENT BECAUSE THE APPELLANT INVOLUNTARILY EXECUTED THE SAMPLE AGREEMENT UNDER DURESS.
In these assignments of error, the appellant asserts that the assessment was fatally flawed because it was based upon a one month sample period, which the appellant only agreed to under duress and which was not representative of the entire three year audit period. Specifically, the appellant contends that the fact that it lost a major client, OfficeMax, the month prior to the month which was used for a sample period skewed the final assessment by artificially exaggerating the number of claimed exemptions, and that the auditors failed to properly differentiate between front store and back store sales, further invalidating the final results. We reject these assignments of error because they were each raised before the Board of Tax Appeals, which concluded that the appellant's assertions in these regards were meritorious and adjusted the assessment amount accordingly. The appellant has not presented any additional evidence to this court tending to demonstrate that the Board's abatement of the assessment was inadequate or that the irregularities were so flagrant and prejudicial as to require a total abatement of the assessment levied against the appellant. Additionally, we cannot find that the agreement was executed under duress as it is uncontroverted that the appellant's representative voluntarily chose the sample month used by the tax commissioner in the audit and expressly agreed to the methodology used therein.
In its decision, the Board addressed the issue of whether the use of a month in which no sales to OfficeMax were made caused the results of the audit to be fatally flawed as follows:
 * * * the fact that Dean Supply lost a principal customer just prior to the test period is clearly established. The tax commissioner's speculation in the final determination that Dean Supply may have obtained, `new, offsetting customers, * * *' is not supported by any evidence to this effect. Dean Supply has provided a summary from sale records for the entire audit period which clearly indicate the significance of the loss of OfficeMax as a customer. Dean Supply has established that all purchases of OfficeMax were for resale and the exemption certificate completed in full compliance with R.C. 5739.03 was included as Exhibit F in the record. (Citation omitted.) In applying the deficiency percentage to the entire audit period, the commissioner has assessed sales tax upon transactions which are clearly excepted from tax under R.C. 5739.01(E) and described in the exemption certificate. * * * Dean Supply has satisfied its burden to prove not only that the tax commissioner committed error, but also the extent of that error. * * * Accordingly we believe Dean Supply has met its assigned evidentiary burden to demonstrate the extent of the error it alleges, and this assignment of error is allowed in part.
It is unclear what part of the above excerpt from the decision of the Board with which the appellant takes exception. The decision clearly addressed the issue of the irregularity caused by the lack of any OfficeMax sales in the audit sample and provided appropriate relief based on the data provided to the Board by the appellant. The appellant ignores the ruling of the Board in the brief filed with this court and has not provided this court with any additional data which would suggest that the appellant is entitled to further relief on this issue.
We are also compelled to conclude that the Board of Tax Appeals did not err in deciding that there was no evidence that the appellant signed the test check agreement under duress or because of coercion from the office of the tax commissioner. To avoid a contract on the basis of duress, a party must prove coercion by the other party to the contract. Blodgett v. Blodgett (1990), 49 Ohio St.3d 243. It is not enough to show that one assented to a contract because of difficult circumstances that are not the fault of the other party. Id.
The appellant's representative admitted at the evidentiary hearing that he signed the test check agreement of his own free will and that, as a sophisticated business owner, he understood the ramifications attendant to signing such a document. It is sheer hyperbole to state, as the appellant does in its brief before this court, that Habenstein forcefully commanded Desatnik to come to his office and forego medical treatment to discuss the agreement. The appellant's representative was fully informed of his rights and understood that he was entitled to expert legal or financial representation throughout every step of the audit process. Although the agent conducting the audit on behalf of the tax commissioner stated that it would be easier to conduct the audit using a one month sample period, there is no evidence that the appellant ever requested that a longer time period be utilized or that such a request was ever denied.
R.C. 5739.13 requires that the commissioner shall make a good faith effort to reach agreement with the vendor or consumer in selecting a representative sample period. Because there is no evidence that the appellant ever requested a sample period longer than one month, we cannot conclude that the commissioner's office used bad faith in selecting the test check period.
The appellant has offered no evidence other than conclusory assertions that the outcome of the audit would have been different had a longer time period sample been used. From this court's review of the record, it is clear that the majority of the assessment resulted from disallowed exemptions. In the vast majority of cases of disallowed exemptions, the appellant had received the proper documentation from the customer stating that the sale was to a retailer for resale or to a charitable organization. The exemptions were disallowed because the auditor believed that the sales did not qualify under any exception. For example, many of the charitable organizations seeking exemptions were deemed not to be operated exclusively for charitable purposes in this state. (Emphasis added.) R.C. 5739.02(B)(12).
We note that interpreting these exceptions can be very complicated, especially for a non-lawyer, when applied in the course of day to day business. R.C. 5739.03 states that [f]or the purposes of the taxes levied by this chapter and Chapter 5741. of the Revised Code, the contractor or vendor may in good faith rely on the contractee's certification. Although we do not believe that the transcript of the Board of Tax Appeals' hearing contains evidence of lack of good faith in determining the usage of products purportedly sold for resale or to charitable organizations, that issue is not before us. Rather, we must determine the validity of the test check time period employed to conduct the audit. There is no reason to believe that the identical question concerning the propriety of claimed exemptions would not have arisen if the audit had been conducted over a longer period. The appellant has had numerous opportunities throughout these proceedings to substantiate its claims as to the distorting effect of the chosen sample period, but has completely failed to do so.
Accordingly, the first two assignments of error are overruled.
The appellant's third assignment of error states:
 III. THE BOARD OF TAX APPEALS SHOULD HAVE ABATED THE ENTIRE ASSESSMENT BECAUSE THE METHODOLOGY SET FORTH IN THE SAMPLE AGREEMENT WAS NOT FOLLOWED.
The appellant has already been afforded relief on its assertion that the audit's failure to include front store sales caused a distortion in the percentage of taxable sales included in the sample.
The findings of the tax commissioner state:
 Mr. Desatnik stated that, for a number of reasons, such as customer base and product mix, the `front store' had a higher percentage of taxable sales than the `back store' and the error percentage derived from an analysis of the `back store' should not be applied to the `front store.' This objection is well taken. The `front store' generated 19% of the sales during May, 1992; that percentage of gross sales will be deducted in computing the projected sales tax amount.
In its decision on the appeal from the ruling of the tax commissioner, the Board of Tax Appeals pointed out that the removal of front store sales from the audit was consistent with the terms of the test check agreement as agreed to by the appellant. Given that the revised assessment accounts for the discrepancy of taxable sales between front store and back store transactions, and that the audit was done in a manner consistent with the terms of the test check agreement, we cannot conclude that the Board erred by not entirely abating the appellant's assessment on the basis of this alleged procedural irregularity notwithstanding the appellant's unsupported assertion that no such downward adjustment, however, can adequately correct for Habenstein's flawed methodology.
Accordingly, this assignment of error is not well-taken.
The appellant's fourth and final assignment of error states:
 IV. THE BOARD OF TAX APPEALS SHOULD HAVE ABATED THE ENTIRE ASSESSMENT DUE TO THE GROSS IRREGULARITIES ASSOCIATED WITH THE AUDIT PROCESS.
In this assignment of error, the appellant contends that the fact that some of the initial paperwork prepared by one examiner was subsequently signed by another examiner so flawed the audit process that the entire assessment should be abated. Yet, although the appellant has drawn attention to some procedural irregularities throughout the extremely lengthy and drawn out audit process, it has failed to demonstrate any resulting prejudice whatsoever.
R.C. 5703.22 states in relevant part:
 The department of taxation may conduct any number of investigations contemporaneously through different agents, and may delegate to any such agent the taking of all testimony bearing upon any investigation or hearing.
 The decision of the department shall be based upon its examination of all testimony and records. The recommendations made by an agent shall be advisory only, and do not preclude the taking of further testimony if the department so orders, or further investigation.
The burden in the instant case is on the appellant to show the manner and degree to which he was prejudiced by the manner in which this investigation was conducted. Midwest Transfer Co. v. Porterfield (1968),13 Ohio St.3d 138; Federated Dept. Stores, Inc. v. Lindley (1983),5 Ohio St.3d 213. Because the appellant has made no such showing in the instant case, this assignment of error is overruled.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Board of Tax Appeals to carry this judgment into execution.
 ___________________________ MICHAEL J. CORRIGAN, JUDGE
KENNETH A. ROCCO, P.J., and JAMES D. SWEENEY, J., CONCUR.
[1] For what are presumably strategic reasons, the appellant has failed to assign as error for this court's review the Board of Tax Appeals denial of sales tax exemptions for resale/retail sales and sales to charitable organizations.