OPINION
{¶ 1} These are two appeals consolidated because of related issues. Plaintiff Charles E. Lowrey, M.D., appeals a judgment of the Court of Common Pleas of Fairfield County, Ohio, which granted relief to F. Paul DeGenova, D.O. from an earlier judgment Dr. Lowrey had obtained against Dr. DeGenova. Dr. Lowrey assigns four errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN GRANTING 60(B) RELIEF AS THE JUDGMENT OBTAINED BY DR. LOWREY AGAINST DR. DEGENOVA HAD ALREADY BEEN VOLUNTARILY PAID AND SATISFIED BY DEGENOVA.
 {¶ 3} "II. THE TRIAL COURT ABUSED ITS DISCRETION GRANTING 60 (B) RELIEF BASED UPON THE DOCTRINE OF COLLATERAL ESTOPPEL.
 {¶ 4} "III. THE TRIAL COURT ABUSED IT'S DISCRETION IN GRANTING 60 (B) RELIEF WHEN THE MOVANT/APPELLEE WAITED NEARLY TEN MONTHS AFTER SATISFYING THE JUDGMENT AND AFTER LEARNING OF POTENTIAL COLLECTION EFFORTS AGAINST HIM BEFORE FILING HIS MOTION FOR RELIEF, THUS MAKING THE MOTION UNTIMELY.
 {¶ 5} "IV. THE TRIAL COURT ABUSED IT'S DISCRETION IN GRANTING 60(B) RELIEF AS THE ACTIONS TAKEN BY DR. LOWREY WHICH FORMED THE BASIS OF DEFENDANT'S 60 (B) MOTION WERE NOT FRAUDULENT, AND WERE NOT UNANTICIPATED BY APPELLEE AND, THEREFORE, CAN NOT JUSTIFY 60 (B) RELIEF."
 {¶ 6} Dr. DeGenova assigns a single error to the trial court:
 {¶ 7} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN OVERRULING DEFENDANT DEGENOVA'S MOTION FOR ATTORNEY FEES."
 {¶ 8} The record indicates Dr. Lowrey, Dr. DeGenova, and Dr. Joseph Darrow, who was not a party to this action, formed a limited liability company called Central Ohio Medical Management in 1999. The three entered into a series of agreements which obligated each to pay his share of overhead, and in the event any left the practice, obligated the departing physician to re-pay to the corporation his share of the office practice loan with Fairfield National Bank. This loan was in the amount of $300,000, and each doctor agreed to be liable to the bank for one-third of it. The monthly payment on the loan was $3,658.53, and after 59 payments, there was balloon payment of $183,577.50. The doctors took out the loan in April of 2001. In 2002, Dr. Darrow resigned his interest in Central Ohio Medical Management, and paid $106,816.47 to the corporation. This sum was held in an escrow account with the law firm of Squire, Sanders Dempsey.
 {¶ 9} Not long after Dr. Darrow left, Dr. DeGenova also decided to withdraw from Central Ohio Medical Management. The parties could not reach an agreement as to the buyout amount, and eventually Dr. Lowrey sued Dr. DeGenova. Dr. DeGenova counterclaimed against Dr. Lowrey for accounts receivable held by Central Ohio Medical Management and owing to Dr. DeGenova. The matter proceeded to a jury trial, and the jury awarded Dr. Lowrey a net amount of $143,000. Dr. DeGenova paid the judgment in full.
 {¶ 10} Dr. Lowrey had been making regular payments on the Fairfield National Bank loan during the pendency of the action, but stopped making any further payments after the jury verdict. Neither party joined the Fairfield National Bank in the action, nor was Dr. DeGenova's name taken off the loan. When Dr. Lowrey stopped making payments, the bank pursued Dr. DeGenova. In order to avoid defaulting on the note, Dr. DeGenova signed a new promissory note with the bank in the amount of $92,200.00. The jury had expressly found Dr. DeGenova was only responsible for $66,000.00 of the practice loan, and had included this amount in the award to Dr. Lowrey.
 {¶ 11} Dr. DeGenova then filed his motion for relief from the judgment entered on the jury verdict pursuant to Civ. R. 60 (B). In its judgment entry of May 9, 2005, the court found considerations of equity did not particularly favor either party. The court found Dr. Lowrey had urged the jury to make Dr. DeGenova pay half of the balance due on the mortgage, while Dr. DeGenova's counsel argued to the jury that Dr. Lowrey might refuse to pay on the mortgage, and the jury should not put Dr. DeGenova in the position of being liable for the loan twice. In spite of these findings, the court sustained Dr. Lowrey's motion for relief from judgment.
 {¶ 12} Civ. R. 60 (B) provides in pertinent part: {¶ 13} On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * or (5) any other reason justifying relief from the judgment.
 {¶ 14} In GTE Automatic Electric Company v. ARC Industries
(1976), 47 Ohio St. 2d 146, the Ohio Supreme Court held to prevail on a motion brought pursuant to Civ. R. 60 (B), the movant must demonstrate: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60 (B); and (3) the motion is made within a reasonable time, and where the grounds for relief are Civ. R. 60 (B) (1), (2), or (3), not more than one year after the judgment, order, or proceeding was entered or taken.
 {¶ 15} The trial court found Dr. Lowrey's meritorious defense is that he had paid the judgment in full. The court found while Dr. DeGenova and his counsel were "a might naive" in not seeking release from his obligation to the bank before tendering payment to Dr. Lowrey, the court could not find fault with them for honoring a court order, or trusting the word of a former partner.
 {¶ 16} The court found equity considerations would not assist either party with the bank, but equity could and should come into play between the parties. The court found Dr. Lowrey's complaint was based on the theory and assumption Dr. Lowrey was responsible for the debt, and sought reimbursement from Dr. DeGenova for his share. The court found Dr. Lowrey misappropriated the funds and did not apply them as the jury believed he would. The court concluded Dr. Lowrey had misrepresented his intentions to the jury and the court, and Dr. DeGenova could not have known this until sometime after the verdict, when Dr. Lowrey defaulted on the loan. The court found this was, in fact, an unforeseen circumstance. The court concluded Dr. Lowrey should repay to Dr. DeGenova the $66,000 portion of the jury verdict which represented Dr. DeGenova's share of the loan.
 {¶ 17} Dr. Lowrey's submits our standard of review is de novo as it relates to the trial court's application of the law, and abuse of discretion as to the factual determinations.
 I IV. {¶ 18} In his first assignment of error, Dr. Lowrey urges the court could not grant relief from the judgment, because Dr. DeGenova paid the judgment in full and Dr. Lowrey filed a notice of satisfaction of judgment with the clerk of courts. In his fourth assignment of error, Dr. Lowrey argues he committed no fraud and his failure to repay the loan was fully litigated in the first action, rather than unanticipated.
 {¶ 19} In Lynch v. Board of Education of the City ofLakewood, (1927), 116 Ohio St. 361, the Ohio Supreme Court directed us not to disturb a judgment which is paid and satisfied of record unless the judgment is absolutely void on grounds of lack of jurisdiction. In Blodgett v. Blodgett (1990),49 Ohio St. 3d 243, the Ohio Supreme Court reiterated this holding: "Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment." Blodgett at 245, citations deleted. The Blodgett court held a party may attack a judgment if the party was fraudulently induced to enter into the settlement.
 {¶ 20} Generally, representations concerning future acts are not ordinarily a basis for a finding of fraud, see, e.g.,Yo-Can, Inc. v. Yogurt Exchange, Inc. (2002),149 Ohio App. 3d 513. However, a promise made with a present intention not to perform in the future is a misrepresentation of an existing fact,William v. Edwards (1998), 129 Ohio App. 3d 116.
 {¶ 21} The trial court's judgment entry actually states several good reasons the court should have overruled the motion for relief. The court found the parties were well aware of the possibility Dr. Lowrey would apply the funds received in the judgment to other bills, and not to the bank loan. The court also noted the bank was never joined as a party, and no judgment of the court affects either party's relationship to the bank or its right to collect on the loan. The court also found Dr. DeGenova could have made efforts to release his obligation to the bank before he paid Dr. Lowrey. The court overruled Dr. DeGenova's motion for attorney fees, finding he had a role in the events which led to the motion for relief.
 {¶ 22} Although the jury found Dr. DeGenova's share of the loan is $66,000, his obligation on the note is higher. Even if he were to recoup the $66,000 from Dr. Lowrey, it will be insufficient to discharge his obligation. The relief the trial court granted does not place Dr. DeGenova in the position the jury's verdict should have placed him.
 {¶ 23} We find no fraud in Dr. Lowrey's actions. He did not deceive Dr. DeGenova regarding his future intentions, but rather, Dr. DeGenova was aware of the possibility Dr. Lowrey would not make the payments to Fairfield National Bank. Thus, the trial court is incorrect in finding Dr. DeGenova's quandary is the result of unforeseen circumstances. The court's findings support the conclusion Dr. DeGenova anticipated this result, and failed to take steps to prevent it.
 {¶ 24} The first and fourth assignments of errors are sustained.
 II. {¶ 25} In his second assignment of error, Dr. Lowrey urges the court abused its discretion in granting the relief from judgment because Dr. DeGenova is collaterally estopped from re-litigating the action. Collateral estoppel requires: (1) the party against whom the estoppel is sought was a party or in privity with the party to the prior action; (2) there was a final judgment on the merits after a full and fair opportunity to litigate the issue; (3) the issue must be admitted or actually tried and decided and must be necessary to the final judgment; and (4) the issue must have been identical to the issue involved in the prior suit, LaBonte v. LaBonte (1988),61 Ohio App. 3d 209.
 {¶ 26} Because we find supra, the matter was presented to the jury, we find collateral estoppel applies. As stated supra, Dr. DeGenova was well aware of the possibility Dr. Lowrey would not apply the funds to Dr. DeGenova's share of the bank loan.
 {¶ 27} The second assignment of error is sustained.
 III. {¶ 28} In his third assignment of error, appellant urges the court abused its discretion because the motion for relief was untimely. The record indicates the motion was made less than 10 months after Dr. DeGenova paid the judgment. We find the motion was timely.
 {¶ 29} The third assignment of error is overruled.
 {¶ 30} Now addressing Dr. DeGenova's assignment of error, the court found a grant of attorney fees would be "most inappropriate" given Dr. DeGenova's role in the events leading up to the motion. In light of this, and given our reversal of the underlying judgment, we find the trial court did not err in overruling the motion for attorney fees.
 {¶ 31} Dr. DeGenova's assignment of error is overruled.
 {¶ 32} For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed in part and reversed in part.
By Gwin, J., Wise, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed in part and reversed in part. Costs to Dr. DeGenova.