NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1261n.06

No. 12-3312

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
**Dec 06, 2012**
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CAROL BYRD, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE SOUTHERN DISTRICT OF |
| | ) | OHIO |
| TIME WARNER CABLE INC.; MATTHEW | ) | |
| TOFT; MARIA BAILEY; SCOTT MATTHEWS; | ) | |
| CAROL WALKER; PATTY FIGG; MONIQUE | ) | |
| COLBERT, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: MERRITT, MARTIN, and GILMAN, Circuit Judges.

PER CURIAM. Carol Byrd, a pro se Ohio resident, appeals a district court order enforcing the settlement agreement between her and the defendants.

In October 2009, Byrd, who was employed by Time Warner Cable for twenty-three years, sued the defendants (Time Warner Cable and six Time Warner employees) after her employment was terminated in November 2007. She alleged race and disability discrimination, along with retaliation. Byrd, who was represented by Daniel Donnellon for the limited purpose of settlement negotiation, appeared before a magistrate judge who held a settlement conference. The parties reached an oral agreement and the magistrate judge reviewed the agreement with Byrd to ensure that Byrd consented to its terms. The next day, the district court entered an order dismissing Byrd's claims with prejudice and retaining jurisdiction to enforce the settlement.

The agreement was memorialized in writing, but Byrd did not sign it. Instead, she filed a motion requesting that the district court review the oral agreement, indicating that she wanted to

revoke the settlement agreement. At a status conference with the magistrate judge, Byrd told Donnellon that she wanted the mutual release portion of the agreement revised to limit the release to Time Warner and Time Warner employees, and not to extend to "agents, independent contractors, or persons acting in a representative capacity." Time Warner's attorney refused to accept the change, however, and the defendants filed a motion to enforce the oral settlement agreement.

The district court held a hearing on February 1, 2012. The magistrate judge and Donnellon both testified that Byrd understood and consented to the overall terms of the agreement. Byrd did not testify. The district court concluded that the parties had reached an agreement at the settlement conference, finding that the agreement as written included the adjustment to the mutual release requested by Byrd. D. Ct. Op. at 7. The district court rejected Byrd's arguments that the agreement should not be enforced and therefore granted the defendants' motion to enforce the agreement. After the district court denied her motion for reconsideration, Byrd filed a timely notice of appeal.

Byrd does not challenge the district court's determination that she entered into an agreement with the defendants. Thus, she has waived her right to have this issue reviewed on appeal. *See Marks v. Newcourt Credit Grp., Inc.*, 342 F.3d 444, 462 (6th Cir. 2003).

We review the district court's order enforcing a settlement agreement for an abuse of discretion. *RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 645 (6th Cir. 2001). "It is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them." *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988) (quoting *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1371 (6th Cir. 1976)).

Byrd argues that the district court abused its discretion in enforcing the settlement agreement because Donnellon coerced and fraudulently induced her into entering the agreement by advising her that if the defendants filed a motion for summary judgment, then the magistrate judge "would lean towards granting them their judgment." Contrary to Byrd's assertion, Donnellon's advice did not constitute coercion because Donnellon merely advised Byrd regarding the risk that every litigant

faces when negotiating a settlement. *See Blodgett v. Blodgett*, 551 N.E.2d 1249, 1252 (Ohio 1990). Likewise, Byrd did not establish that the settlement agreement was procured by fraud because Donnellon gave his opinion on a future event, which is insufficient to establish fraud. *See Micrel, Inc. v. TRW, Inc.*, 486 F.3d 866, 874 (6th Cir. 2007).

Byrd further cites Donnellon's advice in arguing that the magistrate judge violated the Ohio Code of Judicial Conduct by "prematurely disclosing clearly confidential information about the actual or probable decision in a pending case." This argument is without merit because the district court found that Donnellon never spoke to the magistrate judge regarding the disposition of a potential summary judgment motion and Byrd fails to demonstrate that this finding is clearly erroneous. Thus, the district court did not abuse its discretion in enforcing the settlement agreement.

On appeal, Byrd raises alleged conflicts of interest between the magistrate judge and Donnellon, and between the district court judge and Donnellon's associate. Byrd waived these issues on appeal by failing to raise the issues before the district court. *See Enertech Elec., Inc. v. Mahoning Cnty. Comm'rs*, 85 F.3d 257, 261 (6th Cir. 1996).

The district court's order is affirmed.