[Cite as *Ziegler v. Burton Carol Mgt., L.L.C.*, 2014-Ohio-4740.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| IRM ZIEGLER, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2014-L-022** |
| BURTON CAROL MANAGEMENT, LLC, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Mentor Municipal Court, Case No. 13 RES 1.

Judgment: Appeal dismissed.

*Irm Ziegler*, pro se, P.O. Box 601, Grand River, OH 44045 (Plaintiff-Appellant).

*Michael D. Linn* and *James J. Costello*, Powers Friedman Linn P.L.L., Four Commerce Park, #180, 23240 Chagrin Boulevard, Cleveland, OH 44122 (For Defendant-Appellee).

THOMAS R. WRIGHT, J.

{¶1} This appeal is from the Mentor Municipal Court. Appellant Irm Ziegler appeals the trial court's judgment ordering the release of funds held in escrow for appellee Burton Carol Management, LLC ("Burton"). For the following reasons, we dismiss this appeal as moot.

{¶2} In the trial court, Ziegler filed an application to deposit her rent with the clerk alleging that Burton was improperly charging Ziegler for expenses, that Burton refused to repair certain problems in Ziegler's rental unit despite her repeated requests,

and that Ziegler believed that Burton was going to unlawfully retaliate against her for some unspecified reason. The funds were ultimately deposited with the clerk. Shortly thereafter, Burton filed an application for release of the escrowed funds alleging that Ziegler's claims were without merit. After a hearing, the magistrate found in favor of Burton and recommended release of all funds. The trial court adopted the magistrate's findings and ordered the release of all funds. Thereafter, Ziegler filed a motion for a preliminary injunction. Afterward, the clerk released all funds held in escrow. This appeal followed.

{¶3} We will not address the merits of Ziegler's appeal because her appeal is moot. If there is a satisfaction of judgment, the appeal must be dismissed because the issues raised in the appeal have become moot. *Hagood v. Gail*, 105 Ohio App.3d 780, 785, 664 N.E.2d 1373, (11th Dist. 1995) citing *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245, 551 N.E.2d 1249 (1990). When funds in escrow are released in a rent deposit case, the judgment has been satisfied. *Slovak v. University Off-Campus Hous.*, 4th Dist. Athens No. 99 CA 50, 2000 Ohio App. LEXIS 2262, *3 (May 19, 2000).

{¶4} Here, all of the funds held in escrow less court costs retained by the clerk were released prior to appeal. Therefore, the judgment has been satisfied and the appeal is moot. Consequently, we dismiss.


TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.

2