[Cite as *Parker v. Smith*, 2019-Ohio-4346.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

KATHY PARKER, ET AL.,               :

    Plaintiffs-Appellees,        :

                            No. 107711

    v.                           :

ROBERT SMITH, III,                  :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 24, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-12-787232

---

### *Appearances:*

Alan I. Goodman, *for appellees.*

Gilbert W.R. Rucker, III, *for appellant.*

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant, Robert Smith, III, appeals a judgment in favor of plaintiffs-appellees, Kathy Parker and Deryl L. Gibson (collectively "appellees"), rendered as enforcement of a settlement agreement. Smith claims the following two errors:

1. The trial court erred in granting Plaintiff's Motion for Judgment, filed on May 17, 2018, in the amount of $68,500.00, where the court's entry found that consideration in paragraph 5 of the Supplemental Agreed Judgment was "unenforceable, void, and stricken from the record."

2. The trial court erred in granting Plaintiff's motion for judgment, filed on May 17, 2018, in the amount of $68,500.00 because the Supplemental Agreed Judgment was based upon coercion by the Plaintiffs and renders the August 23, 2018 judgment void.

{¶ 2} We find no merit to the appeal and affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} Appellees filed a legal malpractice action against Smith after a judgment was rendered against them in federal court. Following a year and a half of pretrial litigation, the parties agreed to settle the case and signed an agreed judgment entry awarding appellees "$50,000 in compensatory damages and $50,000 in punitive damages plus interest" at a rate of six percent. The parties agreed that appellees would not enforce the judgment on punitive damages as long as Smith paid the judgment on compensatory damages, plus the six percent interest, in 50 equal installments within 50 months of February 1, 2014. The parties also agreed that "[t]he other terms of the settlement shall remain confidential so long as Defendant meets his obligations set out in the Supplemental Consent Judgment Entry." The agreed judgment entry further provided that "[i]f Defendant fails to meet those obligations, the parties agree and after Defendant is notified by Plaintiff's counsel of Defendant's breach, the Court shall enter a supplemental judgment entry incorporating all the terms of the settlement agreement."

{¶ 4} Smith breached the settlement agreement by failing to make some monthly payments, and appellees filed a motion to incorporate the confidential terms into a supplemental settlement agreement. Following mediation that resulted in a second settlement agreement, the court rendered a supplemental agreed judgment entry in favor of appellees in the amount $34,000, that represented the amount still owed on the compensatory damages, and $50,000 in punitive damages, plus six percent interest on both amounts. Punitive damages were no longer contingent since Smith defaulted on the original agreement.

{¶ 5} The supplemental agreed judgment further provided that Smith would pay appellees $1,000 per month until the total amount of the judgment was fully paid. To that end, the supplemental agreed judgment required Smith to pay appellees the sum of $7,500 by January 31, 2017, in conjunction with his regular monthly payment of $1,000. In addition to providing new terms governing default, including penalties for nonpayment, the supplemental agreed judgment stated, in relevant part in paragraph five:

> 5. In all other respects, the terms of the original judgment, including the terms of the original Settlement Agreement, shall remain in effect, however the terms of that Agreement shall no longer be confidential and are therefore incorporated herein except that the Plaintiffs agree not to bring this matter to the attention of the Supreme Court of Ohio unless the Defendant is more than Sixty days (60) in arrears on the payments set out herein. Those terms are set forth in Exhibit A attached hereto and incorporated herein.

{¶ 6} Smith again defaulted, and appellees filed another motion seeking a judgment for $18,500, the amount still owed in compensatory damages plus a

$5,000 penalty, and $50,000 in punitive damages. This time, the court entered judgment, dated August 23, 2018, in favor of appellees and against Smith "in the amount of $68,500 plus interest at rate of 6 percent." The court's judgment entry further provided, in relevant part:

> However, paragraph 5 of the supplemental agreed entry and the second full paragraph of Exhibit A to supplemental judgment are unenforceable, void, and stricken from the agreement and record.

{¶ 7} Smith now appeals the trial court's August 23, 2018 judgment.

## II. Law and Analysis

### A. Severed Provisions

{¶ 8} In the first assignment of error, Smith argues the parties' settlement agreements, and the court's supplemental judgment entry that were based on the parties' settlement agreements, are void and unenforceable because the trial court "found that the consideration in paragraph 5 of the Supplemental Agreed Judgment was 'unenforceable, void, and stricken from the record.'" (Appellant's brief p. 5.)

{¶ 9} However, the court never mentioned the word "consideration" in its judgment entry. The court's judgment entry states, in relevant part:

> However, paragraph 5 of the supplemental agreed entry and the second full paragraph of Exhibit A to supplemental judgment are unenforceable, void, and stricken from the agreement and record.

Therefore, the court never commented on the consideration given for the settlement agreement.

{¶ 10} Paragraph five of the supplemental judgment entry precluded appellees from reporting Smith's conduct as their attorney to the Ohio Supreme

Court unless Smith was more than 60 days in arrears on his monthly payments. Smith contends this provision was stricken because it violated public policy. When a contract contains a provision offensive to Ohio law or policy, "that provision is void while the remainder of the contract remains enforceable." *Ford Motor Credit Co. v. Jones*, 8th Dist. Cuyahoga No. 92428, 2009-Ohio-3298, ¶ 13; *see also DeVito v. Autos Direct Online, Inc.*, 8th Dist. Cuyahoga No. 100831, 2015-Ohio-3336, ¶ 2, 4 (Unconscionable provision in arbitration agreement was excised from contract as against public policy while the "non-offending terms of the arbitration agreement remain enforceable."). Therefore, the remaining terms of the parties' settlement agreement, as incorporated into the court's supplemental judgment entry, were enforceable even though paragraph five was stricken from it.

{¶ 11} Moreover, the remaining terms of the parties' settlement agreement constituted an enforceable contract. "A contract is generally defined as a promise, or a set of promises, actionable upon breach." *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 16, quoting *Perlmuter Printing Co. v. Strome, Inc.*, 436 F.Supp. 409, 414 (N.D.Ohio 1976). To be enforceable, a contract must have an offer, acceptance, consideration, and a manifestation of mutual assent. *Id.* Smith argues the consideration necessary for an enforceable contract was "eviscerated" when the court struck paragraph five of the supplemental judgment entry.

{¶ 12} "Consideration" is a promisor's promise to give something of value to the promisee in exchange for the promisee's promise to give something of value to

the promisor.  *Minster Farmers Coop. Exchange Co., Inc. v. Meyer*, 117 Ohio St.3d 459, 2008-Ohio-1259, 884 N.E.2d 1056, ¶ 28.

> Valuable consideration consists of the acquisition of some legal right by the promisor, in return for which he or she makes the promise, or in the giving up of some legal right by the promisee, in return for which the promise is made to him or her.

17 Ohio Jurisprudence 3d, Contracts, Section 46, at 509 (2010).  In other words, "[c]onsideration may consist of either a detriment to the promisee or a benefit to the promisor."  *Lake Land Emp. Group of Akron, L.L.C. v. Columber*, 101 Ohio St.3d 242, 2004-Ohio-786, 804 N.E.2d 27, ¶ 16, citing *Irwin v. Lombard Univ.*, 56 Ohio St. 9, 19, 46 N.E. 63 (1897).

{¶ 13} Smith contends appellees' promise not to report him to the Ohio Supreme Court set forth in paragraph five of the parties' settlement agreement constituted the sole consideration for the contract and that without it, the contract was void.  However, the Ohio Supreme Court has held that giving up a right to trial, in addition to the corresponding rights of that judicial process, is adequate consideration to enforce a contract.  *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408, ¶ 42-43.  Thus, although the trial court struck appellees' promise not to report Smith to the Ohio Supreme Court, appellees' forbearance of their right to trial, which they gave in exchange for Smith's promise to pay them damages, remained to enforce the contract.

{¶ 14} Therefore, the first assignment of error is overruled.

## B. Coercion

{¶ 15} In the second assignment of error, Smith argues the parties' settlement agreement is void because it was "based upon coercion."

{¶ 16} The Ohio Supreme Court considered the issue of coercion in avoidance of contract in *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 551 N.E.2d 1249 (1990):

> To avoid a contract on the basis of duress, a party must prove coercion by the other party to the contract. It is not enough to show that one assented merely because of difficult circumstances that are not the fault of the other party.

*Id.* at syllabus. The *Blodgett* court further held that to prove duress, the party seeking to avoid the contract must establish

> (1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the result of coercive acts of the opposite party. * * * The assertion of duress must be proven to have been the result of the defendant's conduct and not by the plaintiff's necessities. * * * " (Emphasis added.) (Citations omitted.)

*Id.* at 246.

{¶ 17} Smith does not make any argument or provide any evidence in the record to support his coercion claim. As far as we can tell, Smith could have gone to trial to prove he did not commit malpractice or if he thought the terms of the settlement agreement were unfair. The initial settlement agreement also allowed him to avoid punitive damages if he paid the full amount of the compensatory damages in monthly installments within a 50-month period. There is no evidence in the record that appellees made any threats or that Smith involuntarily accepted

the terms of the settlement agreement.  Indeed, there were two settlement agreements, and Smith appears to have entered into both agreements willingly and voluntarily.

{¶ 18}  Therefore, the second assignment of error is overruled.

{¶ 19}  Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN T. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
KATHLEEN ANN KEOUGH, J., CONCUR