OPINION
{¶ 1} Defendant-appellant Paul Robert Gregory appeals from a decision of the Miami *Page 2 
Miami County Court of Common Pleas affirming the imposition of a Judgment Decree of Divorce filed February 27, 2006. On March 2, 2006, Paul filed a motion to vacate the divorce decree. Plaintiff-appellee Terri Lynn Gregory filed a memorandum in opposition to Paul's motion to vacate on March 16, 2006. A hearing on Paul's motion was set to be held on May 2, 2006. However, on March 28, 2006, Paul filed a notice of appeal with this Court, thus a hearing was never held.
 {¶ 2} Additionally, third-party defendant-appellant Shelly Mullins appeals from a decision of the trial court joining her as a party to the instant action pursuant to Civ. R. 75. Mullins contends that the trial court erred as a matter of law when it joined her as third party and distributed assets belonging to her in the Gregorys' divorce decree.
 I {¶ 3} Paul and Terri Lynn were married on July 1, 1977, in Trotwood, Ohio. On April 23, 2004, Terri Lynn filed a complaint for divorce. Following various failures to appear at court proceedings related to the divorce, Paul was found to be in contempt of court on three separate occasions. It is undisputed that Paul resided in the state of Florida during much of the pendency of the divorce.
 {¶ 4} Upon returning to attend the final hearing on the divorce on January 6, 2006, Paul was arrested and taken into custody. Paul attended the hearing while handcuffed and shackled. The hearing was also attended by Terri Lynn and Mullins. All parties were represented by counsel.
 {¶ 5} By the close of the hearing in front of the magistrate, the parties agreed to the terms of the divorce decree which essentially encompassed all of the assets accumulated by Paul and Terri Lynn over the course of their marriage. Additionally, Mullins executed an agreement in which *Page 3 
agreement in which she stated that she would pay Terri Lynn the sum of $29,000.00 that had been shown to be part of the marital estate which Paul had given to Mullins to be used as a down payment on a house.
 {¶ 6} On February 27, 2006, the Judgment Decree of Divorce was filed which provided for the division of marital assets as agreed to by the parties at the final divorce hearing. It is from this judgment that Paul now appeals.
 II {¶ 7} Paul's sole assignment of error is as follows:
 {¶ 8} "THE TRIAL COURT ERRED IN ITS ACCEPTANCE OF A CONTRACT WHICH WAS CONTRARY TO THE INTERESTS OF JUSTICE AND EQUITY AND NEGOTIATED UNDER CLEAR CONDITIONS OF DURESS."
 {¶ 9} In his sole assignment, Paul contends that he was informed that all of his contempt charges would be purged provided he complied with the terms and requirements of the divorce decree. Paul argues that he was forced to negotiate the division of marital assets under duress, which, in turn, rendered the divorce decree unconscionable and unenforceable. While we agree that the division of assets in the divorce decree certainly favors Terri Lynn (especially regarding the awarding of all marital real estate to Terri Lynn), we hold that Paul's assent to the terms of the decree was not a condition precedent to the purging of the contempt orders nor the key to his release. Further, Paul cannot claim duress since he created the situation which led to his citations for contempt of court on three separate occasions and ultimate incarceration.
 {¶ 10} When parties enter into an in-court settlement, the court has the discretion to accept it without finding it to be fair and equitable, so long as the court is satisfied that it was not procured *Page 4 
was not procured by fraud, duress, overreaching, or undue influence.MacNealy v. MacNealy (October 31, 1997), Clark App. No. 96 CA 125. "Settlement agreements are favored in the law. Where the parties enter into a settlement agreement in the presence of the court, such an agreement constitutes a binding contract. Neither a change of heart nor poor legal advice is a ground to set aside a separation agreement. A party may not unilaterally repudiate a binding separation agreement. In the absence of fraud, duress, overreaching, or undue influence, * * * the court may adopt the settlement as its judgment." Id.
 {¶ 11} As the Ohio Supreme Court stated in Blodgett v. Blodgett
(1990), 49 Ohio St.3d 243, 246, 551 N.E.2d 1249, 1251:
 {¶ 12} "The United States Court of Claims summarized what a party must prove to establish duress. [']An examination of the cases * * * makes it clear that three elements are common to all situations where duress has been found to exist. These are: (1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the result of coercive acts of the opposite party. * * * The assertion of duress must be proven to have been the result of the defendant's conduct and not the plaintiffs necessities.' Urban Plumbing Heating Co. v. UnitedStates (U.S. Ct. of Claims 1969), 408 F.2d 382, 389-390, 187 Ct.Cl. 15, quoting Fruhauf Southwest Garment Co. v. United States (U.S. Ct. of Claims 1953), 111 F.Supp. 945, 951, 126 Ct.Cl. 51."
 {¶ 13} "To avoid a contract on the basis of duress, a party must prove coercion by the other party to the contract. It is not enough to show that one assented merely because of difficult circumstances that are not the fault of the other party." Blodgett v. Blodgett,49 Ohio St.3d at 246.5 Ohio St.3d at 246. Paul contends that pursuant to her numerous motions *Page 5 
for imposition of the sentence regarding the contempt proceedings, Terri Lynn essentially created the situation which led to Paul's arrest and forced negotiation of the divorce decree.
 {¶ 14} In light of Paul's repeated and willful indifference to various court orders throughout this litigation, his argument that Terri Lynn somehow caused his duress is utterly ridiculous. Terri Lynn and her tenacious counsel merely utilized the legal means at their disposal in order to finalize a divorce that had been drug out by appellant for over two years. It is abundantly clear that the "duress" which Paul claims existed is the result of his own conscious decision to disregard three prior court orders.
 {¶ 15} Moreover, the record reveals that Paul's assent to the divorce decree was not a condition precedent to any contempt order being purged and his being set free. Rather, the fact that Paul was arrested and placed in custody when he appeared for the final divorce hearing was a difficult situation of his own making and Terri Lynn could not control the terms of his release from custody. Paul's assertion that his freedom was somehow conditioned on his agreement to the terms of the divorce decree is not supported by the record. Although the distribution of marital assets was somewhat lopsided in favor of Terri Lynn, all parties to the agreement were represented by counsel, and there is no indication in the record that Paul was forced to agree to the terms of the divorce decree by either the trial court or Terri Lynn.
 {¶ 16} Paul's sole assignment of error is overruled.
 III {¶ 17} Mullins' sole assignment of error is as follows:
 {¶ 18} "THE TRIAL COURT ERRED IN ADDING APPELLEE AS A THIRD PARTY *Page 6 
DEFENDANT AND DISTRIBUTING HER PROPERTY."
 {¶ 19} In her sole assignment of error, Mullins contends that the trial court erred in allowing her to be joined as a third-party defendant pursuant to Civ. R. 75. However, we do not reach the merits of Mullins' argument because her appeal is not properly before this Court. On April 10, 2006, Mullins filed a motion to join the appeal in which she argued that "her rights as a named party would be substantially prejudiced by the denial of her ability to join in the appeal of the decision of [Miami] Common Pleas Court." In a decision and entry filed on May 3, 2006, we sustained Mullins' motion to join the appeal, but we held that because she did not file a notice of appeal, she is an appellee in the case.
 {¶ 20} On September 6, 2006, Mullins moved for an extension of time in which to file an "appellant's brief" on appeal. We denied the motion in a decision and entry on September 13, 2006, in which we held that Mullins is an appellee, not an appellant, in the instant matter. Thus, it should have been clear to Mullins that she could not bootstrap a direct appeal on her part along with the appeal properly filed by Paul.
 {¶ 21} On February 20, 2007, Mullins filed a brief which, on its face, purported to be an appellee's brief in response to the appellant's brief filed by Paul. On closer inspection, Mullins' "appellee's brief" actually contains an assignment of error with respect to the judgment rendered in the trial court concerning her involvement in the case. As previously stated, Mullins was notified by this court that she is not an appellant in the instant matter because she failed to file a notice of appeal from the decision of the trial court. Thus, her attempt to disguise her direct appeal as an appellee's brief is improper and we will not discuss her assigned error. Mullins' brief is, therefore, stricken from the record.
 IV *Page 7 {¶ 22} In light of the foregoing, the judgment of the Miami County Court of Common Pleas is affirmed.
WOLFF, P.J., concurs.