OPINION
{¶ 1} Plaintiff-appellant, William James Montgomery, appeals from a Judgment Entry-Decree of Divorce filed by the Franklin County Court of Common Pleas, Division of Domestic Relations, on May 5, 2006. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Appellant and defendant-appellee, Denise Montgomery, were married on June 9, 1983. No children were born as issue of said marriage. On December 11, 2003, appellant filed a complaint for divorce in the Franklin County Court of Common Pleas, *Page 2 
Division of Domestic Relations. On December 18, 2003, appellee filed an answer and cross-complaint for divorce. The case was originally assigned to Judge Carole Squire.
 {¶ 3} On August 9, 2005, appellee filed a motion for an order requiring appellant to pay her attorney fees incurred in defending the action. The record before this court indicates that a hearing was scheduled for August 11, 2005, regarding the divorce action. However, the record does not include a transcript of any hearing that occurred on said date. On August 12, 2005, a document labeled "Agreed Memorandum of Decree of Divorce" ("Agreed Memorandum"), together with a "Separation Agreement," were filed in the trial court. The Agreed Memorandum was approved by the parties, as indicated by the signatures of the parties and their counsel. Modifications were made to the Separation Agreement by hand, and each party initialed the handwritten changes to the document. Only appellant signed at the end of the Separation Agreement. However, the Agreed Memorandum incorporated the attached Separation Agreement and indicated that the parties agreed to the terms of that document. The judge did not sign the Agreed Memorandum.
 {¶ 4} On February 1, 2006, appellant moved for Judge Squire to recuse herself from the proceedings in this matter. A hearing was held before Judge Squire on February 15, 2006, concerning appellee's August 9, 2005 motion for attorney fees. On February 22, 2006, appellant filed another motion for recusal requesting Judge Squire recuse herself from the proceedings. Another hearing was held before Judge Squire on February 27, 2006. Transcripts of the proceedings that were held on February 15 and 27, 2006, are in the record before this court. At the February 15, 2006 hearing, appellee's counsel indicated to the court that appellee was seeking attorney fees for the entire matter, and appellant's counsel indicated that appellant was requesting that Judge Squire *Page 3 
recuse herself from the proceedings. The trial court overruled the motion for recusal and proceeded to hear testimony regarding attorney fees. Before the testimony was completed, a recess was taken and the hearing was continued until February 27, 2006. At the February 27, 2006 hearing, Judge Squire recused herself from the matter. The case was then assigned to Judge Kim Browne.
 {¶ 5} On April 11, 2006, a hearing was held before Judge Browne. A transcript of that proceeding is in the record before this court. On May 5, 2006, a Judgment Entry-Decree of Divorce, signed by Judge Browne, was filed in the trial court. The judgment entry indicated that it was based on testimony presented at an August 11, 2005 hearing. The judgment entry was approved by appellee's counsel, but not by appellant or his counsel.
 {¶ 6} Appellant appeals from that judgment entry and sets forth the following two assignments of error for our review:
 I. THE TRIAL COURT ERRED BY ENTERING A JUDGMENT ENTRY GRANTING A DIVORCE AND ALLOCATING MARITAL RIGHTS AND OBLIGATIONS SIGNED WITHOUT HAVING ANY EVIDENCE IN SUPPORT THEREOF AND WITHOUT HAVING THE PARTIES ACKNOWLEDGE IN OPEN COURT ON THE RECORD THAT, IN FACT, THERE HAS BEEN AN AGREEMENT OR SETTLEMENT OF THE ISSUES.
 II. THE TRIAL COURT ERRED BY PURPORTING TO ALLOCATE MARITAL ASSETS AND DEBTS IN A DIVORCE PROCEEDING WHEN NO EVIDENCE IS PRESENTED TO HER AS TO THE ISSUES TO ALLOW AN INFORMED JUDGMENT TO BE ENTERED BY THE TRIER OF FACT.
 {¶ 7} Because they involve interrelated issues, we will address appellant's two assignments of error together. By both of his assignments of error, appellant argues that it was error for Judge Browne to approve the Judgment Entry-Decree of Divorce when no *Page 4 
evidence was presented before her to support the judgment entry. Additionally, appellant argues, at least implicitly, that no hearing occurred on August 11, 2005, when the matter was assigned to Judge Squire. Appellant further argues that, if a hearing did occur on August 11, 2005, it was before Judge Squire, and not Judge Browne, who signed the judgment entry.
 {¶ 8} We first address the issue of whether a hearing occurred before the trial court on August 11, 2005, regarding this matter. A review of the record before this court reveals that a hearing was held on that date before Judge Squire. The record contains filed clerk's copies of hearing notices that were sent to the parties indicating the scheduling of the August 11, 2005 hearing before Judge Squire. Additionally, the Agreed Memorandum indicates that a hearing on the matter was held in the trial court on August 11, 2005. Moreover, statements made by appellant's counsel at the April 11, 2006 hearing confirm the occurrence of the hearing on August 11, 2005.
 {¶ 9} Even though it is clear that a hearing occurred on August 11, 2005 regarding the divorce, the record before this court does not contain a transcript of that hearing. Pursuant to App.R. 9(C), when a transcript is unavailable, due to the court reporter's absence from a portion of the proceedings, an appellant may prepare a statement of the evidence or proceedings from the best available means, including an appellant's recollection. This statement shall be served upon the appellee and the statement and any objections or proposed amendments shall be submitted to a trial court for settlement and approval. See App.R. 9(C).
 {¶ 10} Upon appeal of an adverse judgment, it is incumbent upon the party appealing the judgment to ensure that the record or whatever portions of the record are necessary for determination of the appeal are filed with the court in which review is *Page 5 
sought. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17; App.R. 9(B) and 10(A). The duty of submitting the record falls upon an appellant because it is the appellant who bears the burden of showing error by references to matters in the record. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. Accordingly, "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id. In this case, appellant has not filed an App.R. 9(C) statement in lieu of a transcript of the August 11, 2005 hearing. Consequently, appellee argues that because appellant has failed to provide an App.R. 9(C) statement, this court must presume the validity of the trial court's actions.
 {¶ 11} Although the record does not contain a transcript of the August 11, 2005 hearing, and no App.R. 9(C) statement has been filed, representations made by counsel at the April 11, 2006 hearing addressed the issue of what occurred at the August 11, 2005 hearing. The transcript of the April 11, 2006 hearing reveals that appellant was not present at that hearing; however, his counsel, along with appellee and her counsel were present. At that hearing, Judge Browne inquired into what had occurred at the August 11, 2005 hearing before Judge Squire. Appellant's counsel represented to the court that, on August 11, 2005, appellant testified that he understood the separation agreement and agreed to be bound by it. Specifically, Judge Browne asked appellant's counsel whether, on August 11, 2005, appellant testified that "he understood the agreement and agreed to it and would have to abide by it?" (April 11, 2006 Tr., 10.) Appellant's counsel responded, "That was the testimony, yes, Your Honor." Id. *Page 6 
 {¶ 12} The terms of the agreement reached by the parties were not in dispute at the April 11, 2006 hearing. The Agreed Memorandum, which was signed by both parties, and which incorporated the Separation Agreement, was filed August 12, 2005. In the absence of a transcript of the August 11, 2005 hearing, or an App.R. 9(C) statement, the only reasonable conclusion regarding the August 12, 2005 filing would be that it documented the agreement reached by the parties at the August 11, 2005 hearing.
 {¶ 13} In support of his contention in this appeal that no agreement was reached, appellant also contends that appellee's attempt to pursue attorney fees was inconsistent with her position that the parties had reached an agreement. The Separation Agreement filed on August 12, 2005, provides, in pertinent part, that "[e]ach party shall pay his or her own attorney fees arising out of the preparation and representation of such party in this matter." According to appellant, the fact that appellee continued to pursue her motion for attorney fees indicated that the matter had not been resolved. Thus, appellant essentially argues that it was error for Judge Browne to approve the judgment entry because appellee's continued pursuance of attorney fees demonstrated that there was no settlement on August 11, 2005. In the trial court, appellant's counsel did not challenge the agreement on the basis of appellee's continued effort to recover attorney fees. "It is well settled that a litigant's failure to raise an issue before the trial court waives the litigant's right to raise that issue on appeal." Gentile v. Ristas,160 Ohio App.3d 765, 2005-Ohio-2197, at ¶ 74.
 {¶ 14} Even if appellant has not waived this issue, we find it unpersuasive. Indeed, the fact that appellee, after August 2005, continued to pursue her request for attorney fees for the entire matter is seemingly inconsistent with the settlement agreement filed August 12, 2005. The agreement specifically provided that each party *Page 7 
would pay his or her own attorney fees in connection with this matter, except in the event that legal proceedings would be initiated to enforce the performance of the agreement and a court finds that one party violated the terms of the agreement without just cause. However, contrary to appellant's argument, that inconsistency does not demonstrate that the parties did not reach a binding agreement in August 2005.[1]
 {¶ 15} "`Settlement agreements are favored in the law. Where the parties enter into a settlement agreement in the presence of the court, such an agreement constitutes a binding contract.' "Gregory v.Gregory, Miami App. No. 2006 CA 15, 2007-Ohio-1033, at ¶ 10, quotingMacNealy v. MacNealy (Oct. 31, 1997), Clark App. No. 96 CA 125. Moreover, "`[n]either a change of heart nor poor legal advice is a ground to set aside a separation agreement. A party may not unilaterally repudiate a binding separation agreement. In the absence of fraud, duress, overreaching, or undue influence * * * the court may adopt the settlement as its judgment.' "Id.
 {¶ 16} Appellant has not alleged that the agreement was the result of fraud, duress, overreaching, or undue influence. In this appeal, he challenges the sufficiency of the evidence supporting the contents of the May 5, 2006 judgment entry, even though the record does not contain a transcript of the August 11, 2005 hearing. However, even though appellant may now disagree with the terms of the agreement, it was conceded that he testified, at the August 11, 2005 hearing, that he understood and agreed to be bound by the terms of the agreement. *Page 8 
 {¶ 17} Finally, we note that, at the April 11, 2006 hearing, the trial court, addressing appellee's request to submit a proposed decree of divorce for the court's signature, stated as follows: "As long as it mirrors and matches the terms that were — sworn testimony that was taken on August 11th of `05 before Judge Squire, as long as none of the terms have been changed, absolutely. You have a right by law to go forward and have me enforce that." (April 11, 2006 Tr., 24.) The trial court further elaborated, "If I get documents that match the sworn testimony that was taken before Judge Squire, then I will execute them. And if I don't, I will dismiss the case." (April 11, 2006 Tr., 29.) Appellant does not contend that the terms of the Judgment Entry-Decree of Divorce do not match the terms of the agreement reached by the parties in August 2005. Nonetheless, we find that the allocation of financial rights and obligations in the judgment entry mirrors the agreement reached by the parties in August 2005.
 {¶ 18} Under the circumstances of this case, we can only conclude that the trial court did not err in filing the May 5, 2006 Judgment Entry-Decree of Divorce. Accordingly, we overrule both of appellant's assignments of error. Having overruled both of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.
Judgment affirmed.
SADLER, P.J., and KLATT, J., concur.
[1] Although appellee's actions appear to raise the issue of whether she breached the agreement by those actions, that issue was not raised in the trial court, nor has it been raised in this appeal. Consequently, we decline to address that issue in this appeal. See Roberts v.Hutton, 152 Ohio App.3d 412, 418, 2003-Ohio-1650, at ¶ 18 ("It is * * * not appropriate for this court to construct the legal arguments in support of an appellant's appeal."); see, also, Cardone v. Cardone (May 6, 1998), Summit App. No. 18349 ("If an argument exists that can support this assignment of error, it is not this court's duty to root it out."). *Page 1