OPINION
{¶ 1} Appellant, Raymond R. Yoel ("Yoel"), is appealing the judgment entry and decree of foreclosure entered by the court of common pleas on the basis of procedural irregularities committed by the trial court. Appellee has not filed a brief in this matter. We have reviewed the record to determine whether the procedural irregularities have prejudiced Yoel. Our decision is that no prejudice has been committed against Yoel, and we affirm the judgment entry of the trial court.
 {¶ 2} Citifinancial Mortgage Company, Inc. ("Citifinancial") initiated a foreclosure action against Yoel on June 4, 2004. It asserted its right to foreclosure pursuant to a mortgage deed filed against Yoel's property at 2310 Rockefeller Road, Wickliffe, Ohio. It also sought a money judgment for the balance due on a mortgage note in the amount of $84,147.15, plus interest. Attached to the complaint were various mortgage documents as well as a lost note affidavit. The lost note affidavit indicated that the original note could not be found despite a diligent search for it. On the line provided for a signature on the lost note affidavit was the notation "original to follow."
 {¶ 3} At the time of filing its complaint, Citifinancial filed a precipe for service, asking the clerk of courts to effect service on the following named defendants: Yoel, the unknown spouse of Yoel, Keybank National Association ("Keybank"), Lake County Treasurer, and Svete, McGee Carrabine Co., LPA ("Svete").
 {¶ 4} On the same date the complaint was filed, the trial court issued an order of procedure for a foreclosure action, detailing pretrial and trial procedures and containing a compliance checklist for each stage of the proceedings.
 {¶ 5} Thirteen days later, Citifinancial filed an executed lost note affidavit with the clerk of courts, containing the same information as was contained in the previously unsigned lost note affidavit. On June 24, 2004, it filed an affidavit regarding account, competency, and military status.
 {¶ 6} The Lake County Treasurer timely filed its answer. Yoel filed his answer on July 2, 2004.
 {¶ 7} Svete requested a leave from the court to plead by July 23, 2004. Its answer was filed on July 26, 2004.
 {¶ 8} On August 9, 2004, Keybank filed an answer and cross-claim, asserting its right to foreclose on a second mortgage on the subject property. The Lake County Treasurer filed an answer to the cross-claim of Keybank.
 {¶ 9} On August 16, 2004, Citifinancial filed a motion for summary judgment, which was granted by the trial court on October 12, 2004. The judgment entry granting the motion for summary judgment ordered the property foreclosed at sheriff's sale, and also gave judgment to Citifinancial in the amount of $84,147.15, together with interest at 8.99 percent per annum from February 4, 2004, plus any other costs or advances made by it. Yoel timely appealed from that judgment entry to this court.
 {¶ 10} Yoel made efforts with the trial court and with this court to stay the sheriff's sale of the property. Eventually, Yoel was ordered to post a bond of $85,000 if he wished to obtain a stay. No such bond was posted, and the property was sold to Citifinancial for the amount of $96,548.14 on December 27, 2004.
 {¶ 11} Yoel has asserted five assignments of error:
 {¶ 12} "[1.] The trial court erred, to the prejudice of the defendant-appellant, by not ruling that plaintiff-appellee's complaint's `lost note affidavit', attached to complaint as exhibit A, was not a valid affidavit, was extraneous and therefore should be stricken from the file.
 {¶ 13} "[2.] The trial court erred, to the prejudice of the defendant-appellant, by not ruling that plaintiff-appellee's complaint was incomplete and therefore should have been dismissed.
 {¶ 14} "[3.] The trial court erred and abused its discretion in making substantive and procedural due process errors, to the prejudice of the defendant-appellant, by granting summary judgment favorable to plaintiff-appellee regardless of the fact that plaintiff-appellee's complaint excluded necessary content specifically required in the trial court's order of procedure checklist of compliance and by not adhering to the Lake County Common Pleas Court General Division Rules, Ohio Rules of Civil Procedure and common law.
 {¶ 15} "[4.] The trial court erred and abused its discretion in making substantive and procedural due process errors, to the prejudice of the defendant-appellant, by acknowledging an untimely answer from Defendant Keybank National Association, which instead the trial court should have stricken from the record, should not have provided basis for any subsequent ruling favorable to Defendant Keybank National Association in this case, and the trial court erred by not issuing a default judgement ruling against Defendant Keybank National Association and by not dismissing the crossclaim of Defendant Keybank National Association.
 {¶ 16} "[5.] The trial court erred and abused its discretion in making substantive and procedural due process errors to the prejudice of the defendant-appellant by granting summary judgement favorable to Defendant Lake County Treasurer regardless of the fact that this defendant did not request summary judgement as specifically required in the trial court's June 4, 2004, order of procedure checklist of compliance."
 {¶ 17} We note preliminarily that Yoel's property has been sold at sheriff's sale, and, therefore, that portion of the trial court's judgment entry dealing with orders of foreclosure is moot. The portion of the trial court's judgment entry awarding a money judgment to Citifinancial is the only viable portion of the judgment entry that remains for purposes of this appeal.[1]
 {¶ 18} Inasmuch as this appeal is presented on the basis of summary judgment having been entered in the trial court, we review this matter de novo.[2]
 {¶ 19} Yoel has referred to substantive errors having been made by the trial court, but, in actuality, the alleged errors are procedural in nature.
 {¶ 20} Yoel refers to the lost note affidavit attached to the complaint. The lost note affidavit was not signed by anyone when it was filed with the complaint. A signed lost note affidavit was filed thirteen days later.
 {¶ 21} Civ.R. 10(D), as it existed on June 4, 2004, provided as follows:
 {¶ 22} "(D) Copy must be attached. When any claim or defense is founded on an account or other written instrument, a copy thereof must be attached to the pleading. If not so attached, the reason for the omission must be stated in the pleading."
 {¶ 23} A foreclosure case checklist of compliance issued by the trial court indicated that if the original note could not be found that a lost note affidavit be attached to the complaint. This compliance checklist is not part of the Local Rules of the Court of Common Pleas of Lake County, but serves this trial court to ensure compliance in foreclosure cases.
 {¶ 24} Citifinancial's claim was founded upon a written instrument, to wit: the promissory note that Yoel had signed at the time he entered into his loan transaction. Citifinancial stated in its lost note affidavit that the original note could not be found. Thirteen days later it filed a signed lost note affidavit, again stating that the original note could not be found.
 {¶ 25} Also attached to Citifinancial's complaint was a copy of a mortgage deed signed by Yoel and a preliminary judicial report reflecting title to the property in Yoel's name.
 {¶ 26} In his answer to the complaint, Yoel does not question the existence of a promissory note, nor that he ever signed such a note. Instead, he says that he "is not sure [Citifinancial] is holder and owner of a Note, which [Citifinancial] claims to have lost."
 {¶ 27} If Yoel wished to question the existence of the promissory note, he should have said so in his answer. In the alternative, prior to filing his answer, he could have filed a motion to strike the lost note affidavit, in accordance with Civ.R. 12(F), if he believed it was an improper filing. Civ.R. 12(F) provides:
 {¶ 28} "(F) Motion to strike. Upon motion made by a party before responding to a pleading, or if no responsive pleading is permitted by these rules, upon motion made by a party within twenty-eight days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading an insufficient claim or defense or any redundant, immaterial, impertinent or scandalous matter."
 {¶ 29} Yoel failed to question the existence of the note in question in his answer, nor did he, prior to filing his answer, move to strike the lost note affidavit as an insufficient claim in accordance with Civ.R. 12(F). By filing his answer and not having filed a motion to strike, he waived any issue with respect to the lost note affidavit.[3] Moreover, the mortgage deed copy, which was attached to the complaint, makes frequent references to a "note." Again, Yoel did not question the existence of the mortgage deed. In his answer, he merely said that he was "not sure [Citifinancial] is holder and owner of a Mortgage, which is attached to Plaintiff's Complaint in Foreclosure, as Exhibit `B'."
 {¶ 30} Yoel cites to local rules of the Court of Common Pleas of Lake County for the proposition that the lost note affidavit constituted an invalid attachment and should have been stricken by the trial court. Unfortunately, he is citing to a local rule dealing with motions and briefs. The attachment in question was appended to a complaint, not a motion or a brief. Such an attachment is specifically covered in Civ.R. 10(D), discussed above. The Ohio Rules of Civil Procedure prevail over local rules in case of a conflict.[4]
 {¶ 31} Yoel next complains that the lost note affidavit filed thirteen days after the complaint, though signed, was not filed pursuant to leave to amend the original complaint. Yoel argues that Citifinancial should have filed, pursuant to Civ.R. 15, to amend its original complaint and/or supplement the same. The pertinent part of Civ.R. 15(A) reads as follows:
 {¶ 32} "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, he may so amend it at any time within twenty-eight days after it is served."
 {¶ 33} One author has stated that there are three methods of amendment permitted by this rule: interlineations, adding to a document, and superseding a document.[5] The preferred method is superseding a document, but under the method of adding to a document:
 {¶ 34} "[A] new document, containing only the amended matter, is served and filed. The scope of the pleading is then determined by reading the original document and the amendment together. Thus, the amendment does not supersede the original document but complements it."[6]
 {¶ 35} It appears that Citifinancial did indeed amend its original complaint, and the lost note affidavit attached thereto, by simply adding to the document thirteen days later when it filed a signed lost note affidavit. This was still within the time period before Yoel's responsive pleading was served, and, therefore, Citifinancial was permitted to do this as a matter of course, as provided in Civ.R. 15(A). The amended lost note affidavit was filed on June 17, 2004; and Yoel's answer was not filed until July 2, 2004. His answer does not take issue with the amendment, but merely states that he is not sure who the holder of the note is at the present time. Yoel was not prejudiced by the amendment, nor did he mention any alleged prejudice in his answer.
 {¶ 36} Yoel goes on to argue that the trial court should not have entered summary judgment in favor of Citifinancial and, again, raises what he perceives to be shortcomings by Citifinancial to have filed a copy of the original promissory note, or a lost note affidavit, as required by local rule.
 {¶ 37} Under Civ.R. 56(C),
 {¶ 38} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
 {¶ 39} Yoel did not respond to the motion for summary judgment. Nor did he, as stated above, question in his answer that he had executed a promissory note and a mortgage deed in favor of Citifinancial and that he was in default of that mortgage. An affidavit regarding the account status was filed in support of the motion for summary judgment. The affidavit averred that Citifinancial was the holder and owner of the promissory note, that it held a mortgage on the subject property, which was in default, and that the principal amount due on the note was $84,147.15. Having failed to respond to the motion, or to the allegations in this affidavit, there could be no genuine issue of material fact for the court to decide, and it was, therefore, proper to "forthwith" render summary judgment in favor of Citifinancial.
 {¶ 40} Yoel's remaining assignments of error recite that the trial court should not have permitted Keybank to file its answer late and that the trial court should not have rendered summary judgment in favor of the Lake County Treasurer because it was not requested by the treasurer.
 {¶ 41} We decline to address these assignments of error, because they touch on the foreclosure aspects of the trial court's order, which we stated above to be moot. Whether Keybank filed its answer late had no effect on the trial court awarding a money judgment to Citifinancial; and whether the county treasurer requested summary judgment likewise had no effect on the trial court's awarding a money judgment in favor of Citifinancial. There was no prejudice to Yoel in either respect, and, therefore, we decline to review these assignments of error.
 {¶ 42} Yoel's first, second, and third assignments of error are without merit. The fourth and fifth assignments of error are moot.
 {¶ 43} The judgment of the trial court is affirmed.
Rice, J.
O'Toole, J., concur.
[1] Alegis Group L.P. v. Allen, 11th Dist. No. 2002-P-0026, 2003-Ohio-3501, at ¶ 10.
[2] (Citations omitted.) El-Hakim v. Am. Gen. Life and Acc.Co. (Aug. 20, 1999), 7th Dist. No. 97 CA 6, 1999 Ohio App. LEXIS 3920, at *7.
[3] Civ.R. 12(F). See Klein and Darling, Civil Practice (2 Ed. 2004) 778, section 12.12.
[4] Vance v. Roedersheimer (1992), 64 Ohio St.3d 552, 554.
[5] Klein and Darling, Civil Practice (2 Ed. 2004), at section 15.1.
[6] Id.