[Cite as *Sturgill v. JP Morgan Chase Bank*, 2013-Ohio-688.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| DENVER G. STURGILL, | : | |
| | : | |
| Plaintiff-Appellant, | : | Case No. 12CA8 |
| | : | |
| vs. | : | |
| | : | DECISION AND JUDGMENT |
| JP MORGAN CHASE & CO. | : | ENTRY |
| | : | |
| Defendant-Appellee. | : | **Released: 02/19/13** |

_____
APPEARANCES:

Denver Golden Sturgill, Garrison, Kentucky, Appellant, pro se.

James C. Carpenter and Vincent I. Holzhall, Steptoe & Johnson, PLLC, Columbus, Ohio, for Appellee.

_____

McFarland, P.J.

{¶1}   This is an appeal from a Hocking County Court of Common Pleas judgment entry upholding a settlement agreement between Appellant, Denver Sturgill, and Appellee, JPMorgan Chase Bank, and dismissing Appellant's complaint with prejudice. On appeal, Appellant contends that 1) the trial court erred as a matter of law in concluding that a settlement had been reached among the parties; and 2) the trial court erred as a matter of law in considering the August 5, 2010, agreement without allowing any discussion about the agreement at issue, which Appellant contends provided

for a cooling off period during which consent to settlement could be withdrawn. In light of our determination that Appellant's cashing of the settlement check forfeited his right to appeal and has rendered the issues raised herein moot, we dismiss Appellant's appeal.

## FACTS

{¶2} Appellant filed a pro se complaint on May 4, 2009, against Appellee alleging that it improperly paid several checks Appellant claimed had been forged. The trial court referred the matter to civil mediation. At the end of mediation, which was held on August 5, 2010, the parties executed a handwritten settlement agreement, which essentially provided that Appellant would accept the payment of $8,300.00 as full settlement; however, Appellant later questioned the existence and enforceability of the settlement agreement and refused to sign a release.

{¶3} The trial court held a hearing on September 24, 2010, regarding whether the agreement was enforceable and concluded it was. That same day, the trial court issued a judgment entry finding the parties agreed to settle all claims on the terms set forth in the handwritten settlement agreement and therefore upheld the August 5, 2010, settlement agreement, finding it to be valid and binding on all parties, and dismissed the matter

with prejudice.  Specifically, the trial court's judgment entry included the following language:

> "All claims in this matter having been resolved by said settlement agreement of the parties, this matter is hereby dismissed with prejudice *upon payment of the settlement amount*;[1] each party to bear their own costs.  This Order is a final order.  The clerk of courts should designate this case as terminated."

Further, the entry bears a stamp indicating it was a final, appealable order.

{¶4}   Appellant filed a notice of appeal from the September 24, 2010, judgment entry; however upon motion of Appellee, this Court dismissed Appellant's original appeal for lack of a final, appealable order.  In reaching this decision, we determined that because the judgment entry anticipated further action from Appellee – the payment of the settlement amount – the entry appealed from was not a final, appealable order, relying on *Colbert v. Realty X Corp.*, 8th Dist. No. 86151, 2005-Ohio-6726, in support.

{¶5}   After accepting delivery of the settlement check on February 15, 2011,[2] Appellant filed a second notice of appeal on March 8, 2011.

---

[1] The italicized phrase was handwritten into the judgment entry and initialed by the judge.
[2] The copy of the check contained in the record bears an issue date of September 24, 2010.  The record further indicates that the check was not mailed to Appellant because Appellant requested he be able to pick the check up from Appellee's counsel's office.  Appellee failed to pick the check up but apparently finally

However, this Court once again dismissed Appellant's appeal for lack of a final, appealable order, based upon our reasoning that the judgment entry expressly required the parties to refer to another document, namely the August 5, 2010, settlement agreement itself, to determine their respective rights and obligations. After that dismissal, the trial court held a status conference and on May 15 2012, filed a Final Judgment Entry which found that the parties' August 5, 2010, settlement agreement was valid and binding.

{¶6} The entry further found that Appellant had agreed to settle and release all claims against Appellee in exchange for the agreed upon settlement amount of $8,300.00, that Appellee had delivered to Appellant its settlement check in that amount, that Appellee had received the check and further cashed the check, and that as such, the August 5, 2010, settlement agreement had been fully completed. Based upon these findings, the trial court dismissed Appellant's complaint with prejudice, concluded its order was final, and stated that there was no just cause for delay in entering final judgment. It is from this final judgment entry that Appellant now brings his current appeal, assigning the following errors for our review.

---

agreed to accept the check by mail in February. Our record on appeal further contains a "NOTICE OF FILING OF AN UNCASHED CHECK ISSUED BY CHASE BANK TO DENVER G. STURGILL" filed on March 11, 2011, which indicates that Appellant had received the check and it was being held in escrow pending resolution of the appeal.

ASSIGNMENT OF ERROR

"I.    THE TRIAL COURT ERRED AS A MATTER OF LAW IN CONCLUDING THAT A SETTLEMENT HAD BEEN REACHED AMONG THE PARTIES.

II.    THE TRIAL COURT ERRED AS A MATTER OF LAW IN CONSIDERING THE MARCH 5, 2010 [SIC] AGREEMENT WITHOUT ALLOWING ANY DISCUSSION ABOUT THE AGREEMENT AT ISSUE PROVIDED FOR [SIC] A COOLING OFF PERIOD DURING WHICH CONSENT TO A SETTLEMENT CAN BE WITHDRAWN."

LEGAL ANALYSIS

**{¶7}**   Before we reach the merits of Appellant's assignments of error, we must address an initial, threshold procedural matter.  As set forth above, Appellant has filed several appeals in this matter.  In our first consideration of this matter, we dismissed Appellant's appeal for lack of a final, appealable order based upon the fact that the settlement amount had not been paid, payment of which was a condition precedent according to the express terms of the judgment entry, to the entry becoming final and appealable.  In dismissing the prior appeal we recognized that Appellant was "in a difficult position[,]" citing *Horen v. Summit Homes*, 6th Dist. No. WD-04-001, 2004-Ohio-2218, which reasoned that a party forfeits his right to appeal when he accepts payment of a judgment amount, and specifically by accepting and cashing a check from the opposing party.

{¶8} As such, in dismissing the appeal, we noted that Appellant had three options which would allow him to both finalize the dismissal and pursue an appeal, without rendering his appeal moot. Specifically, we stated as follows:

"First, Mr. Sturgill can file a motion with the trial court asking it to reconsider its entry and instead enter judgment in his favor in the amount of the settlement rather than requiring that the Bank pay the settlement amount to him before the case is dismissed. Second, *Mr. Sturgill can accept but not cash the check from the Bank.* And third, Mr. Sturgill can find an escrow agent to hold the money until an appeal is concluded." (Emphasis added).

{¶9} However, a review of the trial court's judgment entry dated May 15, 2012, states that it was admitted and undisputed that, after receiving the settlement check, Appellant cashed the check and subsequently spent the settlement proceeds. In his appellate brief, Appellant clearly states that he has cashed the check. Appellant contends, however, that he cashed the $8,300.00 check from Appellee "under the on going [sic] reservation and without prejudice to Appellant's rights * * *." Appellant further argues that "[s]ince there was never a meeting of the minds and no agreement, the check

$8,300.00. [sic] acted as merely a partial payment and this Appellant seeks to recover the balance from the Appellee, JPMorgan Chase Bank."

{¶10} In *Horen v. Summit Homes*, supra, at ¶ 41, Horen "accepted payment of the entire judgment [$5,000.00] and also appealed from that judgment, contending that the judgment was too low."  Summit Homes argued that the case was moot because the judgment had been paid.  Based upon these facts, the Sixth District Court of Appeals found "that by cashing the check for $5,000 the Horens forfeited their right to appeal the judgment."  See also, *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 551 N.E.2d 1249 (1990) (finding wife's appeal was moot as a result of her accepting payment of the judgment amount); *Lynch v. Bd. of Educ.*, 116 Ohio St. 361, 156 N.E. 188 at paragraph three of the syllabus (1927) ("Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment.").  We find the reasoning of *Horen, Blodgett and Lynch* to be persuasive and therefore find that Appellant's cashing of the settlement check in the amount of $8,300.00, which represents the full amount of the

judgment, caused him to forfeit his right to appeal, thereby rendering his appeal moot.

{¶11} However, Appellant seems to also argue that he cashed the check under protest, or under a reservation of rights, and therefore is permitted to pursue his appeal. This issue was also addressed in *Horen* at ¶ 48 where the Horens claimed that because they signed the check at issue under protest, there was no accord and satisfaction and "they retained their right to challenge the amount of the judgment on appeal." In response to this argument, the *Horen* court reasoned that accord and satisfaction "is applicable only when there is a *disagreement as to the amount owed*," and stated that the case did not involve such a situation in light of the fact that the amount to be paid *to satisfy the judgment* was $5,000 and there was no dispute about that. Id. at ¶ 50. In reaching its decision, the court further reasoned as follows:

> "The Horens' notation that the check was cashed "under protest" does not help them because all discussion of R.C. 1301.13[3] is irrelevant. Summit Homes wrote the check to satisfy the judgment and not to settle a dispute over what the Horens believe the judgment should have been. Pursuant to

---

[3] We note that R.C. 1301.13 was amended and recodified as R.C. 1301.308 as of June 29, 2011.

R.C. 1301.13, an "under protest" notation means that the creditor understands that the debtor is tendering the check as payment in full of a disputed debt, and that in cashing the check the creditor is reserving the right to collect further amounts it asserts are due. However, the entire amount of the judgment is $5,000; the Horens may dispute that the judgment is fair or lawful, but they cannot assert that the judgment is greater than $5,000. *Voluntary payment and voluntary acceptance of payment of the entire judgment is the only thing needed to make the appeal moot* pursuant to *Blodgett*, supra."  Id. at ¶ 51. (Emphasis added).

**{¶12}**  As in *Horen*, the amount owed is the undisputed amount of the judgment, which in the case sub judice was $8,300.00.  Though Appellant might disagree that this amount was fair, he cannot assert that the judgment was greater than $8,300.00.  Likewise, his voluntary acceptance of the payment of the entire judgment, and specifically his act of cashing the check, rather than placing it in escrow, has rendered his appeal moot. Accordingly, the appeal is dismissed.

**APPEAL DISMISSED.**

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED. Costs herein are assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, J: Concurs in Judgment and Opinion.
Abele, J.: Concurs in Judgment Only.

For the Court,

BY: _____
Matthew W. McFarland
Presiding Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**