[Cite as *Trumbull Twp. Bd. of Trustees v. Rickard*, 2019-Ohio-2502.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| TRUMBULL TOWNSHIP BOARD OF TRUSTEES, ASSIGNEE OF GEAUGA SAVINGS BANK, | : | **O P I N I O N** |
| | : | |
| | | **CASE NO. 2017-A-0048** |
| Plaintiff-Appellant, | : | |
| - vs - | : | |
| LAWRENCE RICKARD, et al., | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2011 CV 1081.

Judgment: Affirmed.

*Sandra J. Rosenthal*, 25423 Cardington Drive, Beachwood, OH 44122, and *Catherine R. Colgan*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellant).

*Erik L. Walter* and *Grant J. Keating*, Dworken & Bernstein Co., L.P.A., 60 South Park Place, Painesville, OH 44077 (For Defendant-Appellee).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, the Board of Trumbull Township Trustees (the Township), appeals the trial court's July 21, 2017 decisions approving Lawrence Rickard's redemption of the subject property and vacating the September 9, 2016 judgment entry of foreclosure and dismissing the case. We affirm.

**{¶2}** This is the third appeal in this case. The first appeal arose via the Township's motion to intervene and ended with a finding that we lacked jurisdiction due to a lack of a final appealable order. *Geauga Savs. Bank v. Rickard,* 11th Dist. Ashtabula No. 2012-A-0052, 2013-Ohio-3863, ¶11. In "*Appeal II,*" decided on July 24, 2017, we summarized the procedural history, *Trumbull Twp. Bd. of Trustees v. Rickard,* 11th Dist. Ashtabula No. 2016-A-0061, 2017-Ohio-6945, ¶2-5:

**{¶3}** "In November 2011, Geauga Savings Bank (GSB) filed a complaint for foreclosure against appellee, Lawrence Rickard, pursuant to his assumption of a loan agreement, based on Rickard's nonpayment and against Bryce R.T. Seymour and Christine Seymour, whose mortgage Rickard assumed. The Township was not a party to the suit.

**{¶4}** "In 2014, GSB filed a motion for summary judgment against Rickard and the Seymours seeking foreclosure and money damages based on Rickard's default.

**{¶5}** "After the parties' competing motions and briefs were filed regarding summary judgment, but before the trial court issued its decision, the Township was substituted as the plaintiff in place of GSB on January 5, 2016 pursuant to GSB's assignment of Rickard's assumption agreement, mortgage, and note.

**{¶6}** "On July 29, 2016, the trial court granted the Township summary judgment as to foreclosure and reformation of the legal description and ordered the Township to produce a judgment entry of foreclosure within 30 days. However, it denied summary judgment on GSB's request for attorney fees as well as its request for a hearing on the issue. The trial court later issued its judgment entry of foreclosure on September 9, 2016."

{¶7} We reversed and remanded finding that the Township, as GSB's assignee, "stand[s] in the shoes of the prior plaintiff and acquire[s] the prior parties' right to recover attorney fees incurred in enforcing the note against Rickard." *Id*. at ¶18. Accordingly, the trial court erred in failing to hold an evidentiary hearing on the attorney fee issue. *Id*.

{¶8} Notwithstanding the pending appeal in *Appeal II*, on March 29, 2017, Rickard filed a motion to vacate the July 29, 2016 decision granting the Township summary judgment and the September 9, 2016 decree of foreclosure and for approval of redemption of the subject property. This motion also sought an order distributing the funds Rickard deposited with the clerk of courts to satisfy his outstanding obligations regarding the property.

{¶9} Rickard then moved this court to stay the appeal in *Appeal II* due to his pending motion to redeem the property in the trial court. We overruled his motion to stay *Appeal II,* noting that the appeal was not moot. Neither party had moved to stay the trial court's July 29, 2016 summary judgment decision and September 9, 2016 judgment entry of foreclosure at this time.

{¶10} On April 7, 2017, the Township filed its opposition to Rickard's motion to vacate and for a redemption order, and for the first time, the Township moved the trial court to stay its foreclosure proceedings. It argued in part that the pendency of *Appeal II* deprived the trial court of jurisdiction to approve Rickard's redemption and consider the motion to vacate the foreclosure decree.

{¶11} Rickard opposed the Township's motion to stay the trial court proceedings, alleging irreparable harm based on the continued accrual of interest during the pendency of the appeal, noting that the principal amount owed pursuant to the note was $50,992.04,

3

but that this amount had increased by approximately $20,000 during the protracted litigation. And because Rickard had already deposited the outstanding funds with the clerk of courts necessary to satisfy the trial court's September 9, 2016 foreclosure decree, Rickard urged the court to find that he successfully exercised his right to redeem the property.

{¶12} Following a hearing, the magistrate overruled the Township's motion to stay and granted Rickard's motion for approval of redemption and to vacate the September 9, 2016 judgment, finding that the note was satisfied. The magistrate directed Rickard to prepare a judgment entry outlining the proper disbursement of the funds deposited with the clerk of courts. The Township filed objections.

{¶13} On July 21, 2017, the trial court granted Rickard's motions to redeem and vacate the September 9, 2016 decree of foreclosure. It overruled the Township's objections and adopted and approved the magistrate's decision, explaining in part:

{¶14} "[A]bsent a stay of execution, the plaintiff may proceed with a foreclosure sale while an appeal is pending. By the same logic, the defendant should not be prevented from exercising a statutory right to redeem the property. It is not clear whether this Court has the authority to issue an order prohibiting a judgment debtor from exercising the statutory right of redemption. However, continuing to delay the defendant's ability to redeem the property substantially prejudices the defendant, while the plaintiff will surely seek to claim interest on the underlying judgment until the date it is ultimately paid."

{¶15} The redemption journal entry, ordering the disbursement of funds that Rickard deposited with the clerk of courts, was also issued on July 21, 2017. It orders

the clerk to distribute the funds on deposit, orders the judgment and decree of foreclosure vacated, and dismisses the case with prejudice.

{¶16} The Township subsequently moved the trial court to stay its ruling granting redemption and vacating the foreclosure decree pending the instant appeal, *Appeal III*, which the trial court granted. Accordingly, the trial court stayed the attorney fee hearing on remand following *Appeal II* pending the resolution of this appeal.

{¶17} The Township raises one assigned error, which asserts:

{¶18} "The trial court erred in vacating its judgment granting a foreclosure and in approving a redemption as well as dismissing the case with prejudice when the judgment it vacated was under review in a pending appeal."

{¶19} The Township raises three arguments under its sole assigned error. First, it claims the trial court lacked jurisdiction to dismiss the case with prejudice when an appeal was pending because its decision was inconsistent with our authority to reverse, modify, or affirm the appealed judgment, and as such, its redemption judgment is void. The Township's second argument asserts that a plain reading of the redemption statute confirms that it was inapplicable because there was no order to sell the subject property. Finally, the Township asserts that assuming the redemption statute is applicable, then Rickard's deposit of funds was not enough to satisfy the judgment in light of the pending appeal regarding the Township's right to attorney fees. This was not the basis of an objection to the magistrate's decision.

{¶20} First, we disagree with the Township's argument that the trial court was without jurisdiction to issue the redemption order pending direct appeal from the decree of foreclosure. The filing of a notice of appeal without securing a stay of execution from

5

the judgment appealed "does not deprive the trial court of authority to enforce its judgment." *White v. White,* 50 Ohio App.2d 263, 362 N.E.2d 1013, (8th Dist.1977) paragraph five of the syllabus (upon considering a motion to show cause).

{¶21} "[A] trial court retains all jurisdiction which does not conflict with the jurisdiction of the appellate court. *Yee v. Erie Cty. Sheriff's Dept.* (1990), 51 Ohio St.3d 43, 44, 553 N.E.2d 1354, 1355. This retained jurisdiction includes the authority to take any action which would aid in the execution of the appealed judgment. *State ex rel. Klein v. Chorpening* (1983), 6 Ohio St.3d 3, 4, 6 OBR 2, 3-4, 450 N.E.2d 1161, 1162-1163; *Northfield Park Assoc. v. Northeast Ohio Harness* (1987), 36 Ohio App.3d 14, 26, 521 N.E.2d 466, 478-479.

{¶22} "Consistent with the jurisdiction of the trial court to enforce a judgment, the nonappealing party in an action retains a legal right to initiate proceedings in aid of the execution of a judgment even after an appeal from that judgment has been taken. *Pontiac Motor Div. v. Motor Vehicle Dealers Bd.* (Sept. 15, 1987), Franklin App. No. 87AP-48, unreported, 1987 WL 17391.

{¶23} "Of course, a trial court's ability to exercise its jurisdiction over an appealed judgment, like the nonappealing party's right to enforce the judgment, is contingent upon the existence of a valid stay order. * * *

{¶24} "Once the appellant in an appeal has obtained a valid stay order from either the trial court or appellate court, the nonappealing party cannot initiate any proceeding to enforce the judgment in question. Nor can the trial court take any action in aid of execution. However, *if the appellant neglects to obtain a stay of the judgment, the nonappealing party has the right to attempt to obtain satisfaction of the judgment even*

6

*though the appeal is pending. Pontiac Motor Div."* (Emphasis added.) *Hagood v. Gail,* 105 Ohio App.3d 780, 784-85, 664 N.E.2d 1373 (11th Dist.1995).

{¶25} "If a 'judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away * * * the right to appeal or prosecute error or even to move for vacation of judgment.' *Lynch v. Lakewood City School Dist. Bd. of Edn.* (1927), 116 Ohio St. 361, 156 N.E. 188, paragraph three of the syllabus. Likewise, accepting payment of the judgment renders an appeal from that judgment moot. See *Mason v. Mason,* 8th Dist. Nos. 80368 and 80407, 2002-Ohio-6042, at ¶ 4-5. Thus, '[i]f an appellant neglects to obtain a stay of the judgment, the nonappealing party has the right to attempt to obtain satisfaction of the judgment even though the appeal is pending.' *Atlantic Mtge. & Invest. Corp. v. Sayers,* 11th Dist. No. 2000-A-0081, 2002 WL 331734, at 1. * * * Consequently, when 'the nonappealing party is successful in obtaining satisfaction of the judgment, the appeal must be dismissed because the issues raised in the appeal have become moot.' *Hagood v. Gail* (1995), 105 Ohio App.3d 780, 785, 664 N.E.2d 1373." *Marotta Bldg. Co. v. Lesinski,* 11th Dist. Geauga No. 2004-G-2562, 2005-Ohio-558, ¶18.

{¶26} This rule of satisfaction applies equally to plaintiffs and defendants. In *Sturgill v. JP Morgan Chase Bank*, 4th Dist. Hocking No. 12CA8, 2013-Ohio-688, ¶10, Sturgill filed suit, and the parties eventually entered a settlement agreement following mediation. Sturgill appealed claiming that the settlement agreement was tentative and unenforceable. Notwithstanding his appeal, however, Sturgill cashed the settlement check. *Id.* Thus, Sturgill's "voluntary acceptance of the payment of the entire judgment, and specifically his act of cashing the check, rather than placing it in escrow, * * * rendered his appeal moot." *Id.* at ¶12.

7

**{¶27}** Here, the Township did not obtain a stay of the judgment, and as such, Rickard, as the nonappealing party, had the right to satisfy the judgment even though an appeal was pending. *Hagood*, supra; *Blodgett v. Blodgett,* 49 Ohio St.3d 243, 551 N.E.2d 1249 (1990) (finding wife's appeal was moot because she accepted payment of the judgment amount). The right of redemption "is a mortgagor's right to take prescribed action to satisfy a debt secured by a mortgage." *Hausman v. Dayton*, 73 Ohio St.3d 671, 1995-Ohio-277, 653 N.E.2d 1190 (1995) paragraph two of the syllabus.

**{¶28}** Accordingly, the Township's first and third arguments lack merit.

**{¶29}** The Township's second argument alleges that a plain reading of R.C. 2329.33 confirms it is inapplicable because there was no order to sell the subject property and no sale.

**{¶30}** The Township did not, however, raise this argument in its objections to the magistrate's decision, and as such, the Township waives the right to assign the same as error on appeal, except for claims of plain error. Civ.R. 53(D)(3)(b)(iv).

**{¶31}** "In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings." *Goldfuss v. Davidson,* 79 Ohio St.3d 116, 121, 1997-Ohio-401, 679 N.E.2d 1099 (1997).

**{¶32}** The foreclosure decree here determined that the mortgage owned by the Township was the first and best lien, after real estate taxes, and that the Township was entitled to foreclose because Rickard violated the conditions of the mortgage. The decree

8

also determined the amount owed. Accordingly, the trial court granted Rickard three days to pay this amount, and ten days thereafter, the Township was permitted to file a praecipe directing the clerk of courts to issue the order of sale. The proceeds were to be distributed consistent with the decree after the sale and confirmation of the sale.

{¶33} "The amount found due [via the foreclosure decree] is * * * a determination by the court which serves as the basis for redemption on the one hand or distribution of sale proceeds on the other hand." *Citizens Loan & Sav. Co. v. Stone*, 1 Ohio App.2d 551, 555, 206 N.E.2d 17, 21 (2nd Dist.1965).

{¶34} The right of redemption is both equitable and statutory. *Hausman v. Dayton*, 73 Ohio St.3d 671, 676, 1995-Ohio-277, 653 N.E.2d 1190 (1995).

{¶35} The equitable right of redemption "continues until the land is sold * * *." *Frische v. Kramer's Lessee,* 16 Ohio 125, 138, 47 Am. Dec. 368 (1847). "The mortgagor remains the equitable owner until the property is sold under the order of the court. Until then he may, by paying the debt, redeem the land." *Sun Fire Office of London v. Clark,* 53 Ohio St. 414, 424, 42 N.E. 248 (1895). Once a court issues a decree of foreclosure, a mortgagor is typically granted a three-day grace period to exercise their equitable right of redemption by paying the debt, interest, and court costs as determined in the decree. *Hausman, supra*.

{¶36} The expiration of the three-day equitable right to redeem triggers the power of the court to issue the order of sale. *Citizens Loan & Sav. Co.*, *supra*, at 556. And the failure to redeem within the three-day period "may add various court costs, but it does not destroy the right to redeem." *Id.*

9

{¶37} As stated, the equitable right to redeem continues beyond this three-day period until sale. *Frische v. Kramer's Lessee, supra.* Once the order of sale is issued, then the statutory right of redemption kicks in under R.C. 2329.33, and the mortgagor has the statutory right to redeem. Consequently, the mortgagor's right to redeem is viable throughout the duration of foreclosure proceedings until confirmation of the sale. *Bates v. Postulate Invests., L.L.C.,* 8th Dist. Cuyahoga No. 90099, 176 Ohio App.3d 523, 2008-Ohio-2815, 892 N.E.2d 937, ¶17; *Reed v. Radigan*, 42 Ohio St. 292 (1884).

{¶38} R.C. 2329.33, *Redemption by judgment debtor*, states:

{¶39} "[I]n sales of real estate on execution or order of sale, at any time before the confirmation thereof, the debtor may redeem it from sale by depositing in the hands of the clerk of the court of common pleas to which such execution or order is returnable, the amount of the judgment or decree upon which such lands were sold, with all costs, including poundage, and interest at the rate of eight per cent per annum on the purchase money from the day of sale to the time of such deposit, except where the judgment creditor is the purchaser, the interest at such rate on the excess above the judgment creditor's claim. The court of common pleas thereupon shall make an order setting aside such sale, and apply the deposit to the payment of such judgment or decree and costs, and award such interest to the purchaser, who shall receive from the officer making the sale the purchase money paid by the purchaser, and the interest from the clerk. This section does not take away the power of the court to set aside such sale for any reason for which it might have been set aside prior to April 16, 1888."

{¶40} "[T]he redemption statute, R.C. 2329.33, applies to the time after the sheriff's sale but before confirmation of such sale. It allows the mortgagors a final

eleventh-hour opportunity to redeem their property." *Women's Fed. Sav. Bank v. Pappadakes*, 38 Ohio St.3d 143, 147, 527 N.E.2d 792 (1988).

**{¶41}** A trial court has an obligation to grant a motion to redeem once the statutory requirements are satisfied or when the judgment is paid in full before sale. *Wells Fargo Bank, N.A. v. Brooks,* 7th Dist. Columbiana No. 15 CO 0010, 2016-Ohio-8561, ¶27; *Citizens Loan & Sav. Co., supra,* at 556.

**{¶42}** Here, Rickard moved to vacate the decision granting the Township summary judgment and the decree of foreclosure and for approval of redemption of the property on March 29, 2017. His motion evidences the amounts owed as of the date of the motion. Rickard also sought an order distributing the funds deposited with the clerk to satisfy his obligations regarding the property. Except for the issue pending in *Appeal II*, i.e., attorney fees, the Township did not challenge the amounts Rickard deposited.

**{¶43}** In light of the foregoing, the trial court correctly approved Rickard's equitable redemption of the property, ordered the distribution of funds, vacated the decree of foreclosure, and dismissed the case. The court acted pursuant to its equitable authority to redeem since its statutory authority was not yet applicable because there was no order of sale. R.C. 2329.33. And as previously explained, the absence of a stay of the underlying foreclosure decree renders the issues on appeal in *Appeal II* and our directive on remand moot. *Marotta Bldg. Co. v. Lesinski,* 11th Dist. Geauga No. 2004-G-2562, 2005-Ohio-558, ¶18; *Hausman v. Dayton*, 73 Ohio St.3d 671, 1995-Ohio-277, 653 N.E.2d 1190 (1995) paragraph two of the syllabus.

**{¶44}** Accordingly, the trial court's decisions are affirmed.

11

MATT LYNCH, J., concurs.

TIMOTHY P. CANNON, J., dissents with a Dissenting Opinion.

_____

TIMOTHY P. CANNON, J., dissenting.

{¶45} I respectfully dissent from the majority opinion.

{¶46} The Township filed a motion for summary judgment, which was granted by the trial court on July 29, 2016. The entry granting the motion for summary judgment also denied the Township attorney fees, without a hearing. On September 9, 2016, the trial court issued a judgment entry and foreclosure decree ordering Rickard's property foreclosed at sheriff's sale and ordering the distribution of proceeds from the sale.

{¶47} In *Appeal II*, the Township noticed an appeal from the foreclosure decree. On appeal, the Township took issue with the denial of its request for attorney fees without a hearing, which was pronounced in the summary judgment entry. As a result of the denial, the decree of foreclosure did not include any amount for attorney fees in the order of distribution of proceeds.

{¶48} While *Appeal II* was pending, Rickard filed a motion to vacate the judgment of foreclosure and for approval of redemption on March 29, 2017. Rickard deposited money with the clerk of courts in an attempt to satisfy all outstanding obligations under the foreclosure decree. The Township filed a response in opposition and sought a stay of proceedings from the trial court, pending the appeal in *Appeal II*. After a hearing, on May 24, 2017, the magistrate issued a decision recommending that Rickard's motion to

12

vacate and approve redemption should be granted and that the Township's motion to stay should be overruled.

**{¶49}** Rickard then filed a motion in this court to stay *Appeal II*, pending redemption proceedings in the trial court. We issued an order on July 3, 2017, denying Rickard's motion to stay, which stated: "Appellee, Lawrence Rickard, requests a stay alleging mootness due to pending redemption. Regardless, whether appellant is entitled to judgment for attorney fees denied is not moot. The motion for stay is overruled."

**{¶50}** The Township did not request a stay of the trial court proceedings from this court.

**{¶51}** The Township filed objections to the magistrate's decision, which the trial court overruled. The only objection pertinent to this appeal is whether the trial court had jurisdiction to proceed while the attorney fee issue was pending in *Appeal II.*

**{¶52}** The trial court adopted the magistrate's decision on July 21, 2017: the decree of foreclosure was vacated, the redemption was approved, the clerk of courts was ordered to distribute the deposited funds, and the case was dismissed with prejudice.

**{¶53}** Three days later, on July 24, 2017, this court reversed the trial court's denial of attorney fees and remanded the matter for the trial court to hold a hearing. We held that the Township was "entitled to a hearing to determine reasonable attorney fees, if any, in enforcing the note pursuant to Section 7(E) of the note." *Appeal II* at ¶29.

**{¶54}** Two days later, on July 26, 2017, the Township filed the instant appeal from the trial court's July 21, 2017 entry. The trial court subsequently granted a stay of all proceedings, including the remanded issue of attorney fees.

{¶55} Rickard moved for a dismissal of the instant appeal, arguing lack of jurisdiction due to mootness. Rickard claimed the July 21, 2017 judgment disposed of all issues in the case and satisfied the foreclosure decree in its entirety, thus any remaining claims of the Township were rendered moot. Accordingly, Rickard maintained, this court had been divested of jurisdiction to rule on both *Appeal II* and the present appeal. On December 21, 2017, this court overruled the motion to dismiss on the basis that the foreclosure decree had not yet been satisfied. We stated, in relevant part, that "the trial court stayed the redemption judgment pending appeal, and Trumbull Township's response that it has not been paid the deposited funds and that the property has not yet been redeemed go unchallenged. Accordingly, the appeal is not moot due to satisfaction[.]"

{¶56} The majority opinion now holds that the foreclosure decree *has* been voluntarily satisfied and that, because the Township did not obtain a stay while *Appeal II* was pending, the attorney fee issue raised in *Appeal II* and our directive on remand were rendered moot.

{¶57} In the absence of a stay, I agree that the trial court had jurisdiction to aid in the execution of its foreclosure decree and that Rickard could initiate redemption proceedings. I also agree that, in the absence of a stay, a judgment may be voluntarily satisfied and thereby render an appeal moot. I do not agree, however, that the absence of a stay in this case rendered moot the issues in *Appeal II* or our directive on remand.

{¶58} First, the foreclosure decree has yet to be "voluntarily satisfied." When an appealing party is owed money under a judgment, voluntary acceptance of the payment of the entire judgment, rather than placing it in escrow, renders an appeal moot. *See,*

14

*e.g.*, *Sturgill* and *Blodgett*, *supra*. Here, however, the Township objected to the amount deposited by Rickard and has represented to the court that it has not accepted payment; it remains unchallenged that the money is still on deposit with the clerk of courts. Accordingly, because it is the Township who appealed, I do not agree that the doctrine of "voluntary satisfaction" has rendered any issue moot in this case. *See, e.g.*, *Everhome Mtge. Co. v. Baker*, 10th Dist. Franklin No. 10AP-534, 2011-Ohio-3303, ¶6 (where the mortgagors declined to claim a check from the clerk of court for the balance of funds after payment of liens and costs, their appeal was not mooted by satisfaction of judgment).

**{¶59}** Further, there are two portions to the summary judgment and foreclosure decree issued by the trial court: (1) the portion that relates to the order of foreclosure and (2) the portion that denies the Township's request for attorney fees founded upon the promissory note. I do not agree that the portion of the summary judgment entry denying the Township attorney fees without a hearing was rendered moot by the trial court's subsequent actions related to the foreclosure. *See, e.g.*, *CitiFinancial Mtge. Co., Inc. v. Yoel*, 11th Dist. Lake No. 2004-L-184, 2006-Ohio-331, ¶17 (where property was sold at sheriff's sale while the mortgagor's appeal from the foreclosure decree was pending without a stay, the portion of the order dealing with foreclosure was rendered moot, but the portion of the order dealing with a money judgment to the mortgagee, founded on the promissory note, remained viable).

**{¶60}** Therefore, I disagree with the conclusion that the issue on appeal in *Appeal II* and our directive on remand were rendered moot. I would remand this matter for the trial court to reinstate the case on its docket until it has held a hearing on the pending issue of attorney fees. Then the case may be properly dismissed. *See, e.g.*, *Fifth Third*

*Mtge. Co. v. Rankin*, 4th Dist. Pickaway No. 11CA18, 2012-Ohio-2804, ¶13-14 (where a trial court was without jurisdiction to vacate a dispositive confirmation of sale order while an appeal from that order was pending without a stay).